UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH R. BRANCIFORTE | : | NO.: 3:02CV928 (AVC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MIDDLETOWN, ET AL | : | MARCH 9, 2004 |

**REPORT OF PARTIES' PLANNING MEETING**

**Date Complaint Filed:** The Complaint was filed in the United States District Court, District of Connecticut, on May 31, 2002.

**Date Complaint Served:** Defendants, Town of Middletown, David Visconti, Derek Puorro, and Michael Kerkes were served on or after May 31, 2002.

**Date Of Defendants' Appearance:** June 13, 2002

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on March 2, 2004. The participants were:

Rachel M. Baird, Esq. — for plaintiff Joseph R. Branciforte

Beatrice S. Jordan, Esq. — for defendants Town of Middletown, David Visconti, Derek Puorri, and Michael Kerkes

Trina Solecki, Esq. — for defendants Town of Middletown, David Visconti, Derek Puorri, and Michael Kerkes

## I. CERTIFICATION:

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION:

### A. SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

### B. PERSONAL JURISDICTION

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE:

### A. CLAIMS OF PLAINTIFF(S)

Plaintiff alleges deprivation of his constitutional right to due process and to be free from illegal search and seizure, unlawful arrest, false arrest, and malicious prosecution, in addition to a state law claim of libel and defamation arising from an illegal search and seizure. The individual defendants, in seizing, arresting, and

charging plaintiff acted intentionally and in bad faith. The municipal defendant adopted and/or condoned a policy and/or custom of inadequate supervision and training for its officers, thereby failing to prevent such constitutional violations.

**B. DEFENSES AND CLAIMS (COUNTERCLAIMS, THIRD PARTY CLAIMS, CROSS-CLAIMS) OF DEFENDANT(S)**

The defendants, **Town of Middletown, David Visconti, Derek Puorro and Michael Kerkes**, deny the material allegations of the Complaint. Furthermore, the plaintiff's claims against the individual defendants are barred by the doctrines of qualified immunity and governmental immunity.

**C. DEFENSES AND CLAIMS OF THIRD PARTY DEFENDANT(S)**

Not applicable.

**IV. STATEMENT OF UNDISPUTED FACTS**:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

(1) The City of Middletown is a municipal corporation existing under the laws of the State of Connecticut.

(2) The defendants were acting under color of law.

## V. CASE MANAGEMENT PLAN:

### A. Standing Order On Scheduling In Civil Cases

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

### B. Scheduling Conference With The Court

The parties **do not** request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties **do not** request an early settlement conference.

3. The parties prefer a settlement conference with a United States **magistrate judge**.

4. The parties **do not** request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

### D. Joinder Of Parties And Amendment Of Pleadings

1. Plaintiff should be allowed until **March 1, 2004** to file motions to join additional parties and to amend the pleadings.

2. Defendants should be allowed until **March 15, 2004** to file motions to join additional parties and to file a response to the complaint.

**E. DISCOVERY**

1. The parties anticipate that discovery will be needed on the following subjects:

i. Whether there was probable cause to arrest the plaintiff for the Illegal Operation of a Motor Vehicle Under the Influence of Alcohol or Drugs in violation of Conn. Gen. Stat. § 14-227;
ii. Whether the defendants are entitled to Qualified Immunity;
iii. Whether the defendants are entitled to Governmental Immunity;
iv. The nature and details of the relationship between the parties, the facts giving rise to the instant complaint, and damages;
v. The causes and precise nature of the emotional conditions claimed by the plaintiff;
vi. The causes and nature of the economic losses claimed by the plaintiff;
vii. The causes and nature of the physical injuries claimed by the plaintiff.

2. The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be incorporated into the following discovery schedule.

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by **December 15, 2004**.

4. Discovery **will not** be conducted in phases.

5. The parties do not require discovery on early issues.

6. The parties anticipate that the plaintiff will require a total of four (4) depositions of fact witnesses and that the defendants will require a total of five (5) depositions of fact witnesses. The depositions will commence immediately and be completed by **November 15, 2004**.

7. The parties **may** request permission to serve more than twenty-five interrogatories.

8. Plaintiff **may** call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **August 15, 2004**. Depositions of any such experts will be completed by **October 15, 2004**.

9. Defendants **may** call an expert witness at trial to rebut the opinion of any expert called by the plaintiff. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **November 15, 2004**. Depositions of such experts will be completed by **December 15, 2004**.

10. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **May 1, 2004**.

**F. DISPOSITIVE MOTIONS**

Dispositive motions will be filed on or before **January 15, 2005**.

**G. JOINT TRIAL MEMORANDUM**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **February 15, 2005** or within 60 days of a ruling on any dispositive motion, whichever is later.

**VI. TRIAL READINESS**:

The case will be ready for trial **March 1, 2005**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS,
JOSEPH R. BRANCIFORTE

By____ /s/ Rachel M. Baird____

Rachel M. Baird
Law Office of Rachel M. Baird
Stonegate Professional Building
379 Prospect Street
Torrington, CT 06790
(860) 626-9991
ct12131

DEFENDANTS,
TOWN OF MIDDLETOWN, DAVID VISCONTI, in his official and individual capacity, DEREK PUORRO, in his individual capacity and MICHAEL KERKES, in his individual capacity

By___ /s/ Beatrice S. Jordan____

Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
ct22001

DEFENDANTS,
TOWN OF MIDDLETOWN, DAVID VISCONTI, in his official and individual capacity, DEREK PUORRO, in his individual capacity and MICHAEL KERKES, in his individual capacity

By____ _/s/_Trina Solecki_ _ _ _

Trina Solecki
City Attorney
City Hall
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457
(860) 344-3422
ct05572

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 9th day of March, 2004.

Rachel M. Baird, Esquire
Law Office of Rachel M. Baird
Stonegate Professional Building
379 Prospect Street
Torrington, CT 06790-5239

Trina Solecki, Esquire
City Attorney
City Hall
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457

______/s/_Beatrice S. Jordan_ __
Beatrice S. Jordan