UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH R. BRANCIFORTE | : | NO.: 3:02CV928 (AVC) |
| v. | : | |
| TOWN OF MIDDLETOWN, ET AL | : | MARCH 15, 2003 |

**ANSWER & AFFIRMATIVE DEFENSES**

**JURISDICTION AND VENUE**

1. As to paragraphs 1 and 2, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**SUMMARY OF THE CLAIMS**

2. As to paragraphs 3, 4, 6, 7, 9 and 10, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

3. Paragraphs 5 and 8 are denied.

**PARTIES**

4. As to paragraph 11, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

5. Paragraphs 12, 13, 14 and 15 are admitted.

**FACTS**

6. As to paragraphs 16 18, 19, 20, 21, 26, 27, 29, 30, 34, 35, 36, 37, 38, 40, 42, 43, 44, 46, 47, 48, 49 and 50, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

7. As to paragraphs 17, the defendant does not answer, report speaks for its.

8. As to paragraph 22, the defendants do not answer, test speaks for itself.

9. As to paragraph 23, the defendants do not answer, test speaks for itself.

10. As to paragraph 24, the defendants do not answer, test speaks for itself.

11. As to paragraph 25, the defendants do not answer, test speaks for itself.

12. The defendants admit that the plaintiff was arrested. As to the remainder of paragraph 28, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

13. As to paragraph 31, the defendants do not answer, test speaks for itself.

14. As to paragraph 32, the defendants do not answer, test speaks for itself.

15. The defendants do not respond to paragraph 33 because it calls for a legal conclusion.

16. Paragraphs 39, 51, 52, 54 and 55 are denied.

17. As to paragraph 41, the defendants admit that the plaintiff was released on a non-surety bond. As to the remainder of paragraph 41, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

18. As to paragraph 45, the defendants do not answer, article speaks for itself.

19. That portion of paragraph 53 which states: “As a direct and proximate result of the said acts of Officer Puorro and Officer Kerkes” is denied. As to the remainder of paragraph 53, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

**COUNT I**

20. As to paragraph 56, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

21. As to paragraph 57, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

22. Paragraph 58 is denied.

**COUNT II**

23. As to paragraph 59, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

24. Paragraphs 60 and 61 are denied.

25. That portion of paragraph 62 which states: "As a result of such false arrest," is denied. As to the remainder of paragraph 62, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

**COUNT III**

26. As to paragraph 63, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

27. Paragraphs 64, 65 and 66 are denied.

28. That portion of paragraph 67 which states: "As a result of this malicious prosecution," is denied. As to the remainder of paragraph 67, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

**COUNT IV**

29. As to paragraph 68, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

30. Paragraphs 69 and 70 are denied.

31. That portion of paragraph 71 which states: "As a result of this false charge and publication," is denied. As to the remainder of paragraph 71, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

**COUNT V**

32. As to paragraph 72, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

33. Paragraphs 73, 74 and 75 are denied.

34. As to paragraph 76, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

**COUNT VI**

35. As to paragraph 77, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

36. Paragraph 78 is denied.

**COUNT VII**

37. As to paragraph 79, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

38. Paragraphs 80, 81, 82, 83, 84, 85 and 86 are denied.

**COUNT VIII**

39. As to paragraph 87, the answers to paragraphs 1 though 55 are hereby incorporated by reference as if fully set forth herein.

40. As to paragraph 88, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

41. That portion of paragraph 89 which states: "As a result of this false charge and its publication," is denied. As to the remainder of paragraph 89, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiff to his burden of proof.

## BY WAY OF AFFIRMATIVE DEFENSES

**First Affirmative Defense to All Counts:**

Plaintiff's complaint has failed to state a cause of action upon which relief may be granted.

**Second Affirmative Defense to All Counts:**

The plaintiff's causes of action against defendants are barred by the doctrine of qualified immunity.

**Third Affirmative Defense to All Counts:**

The plaintiff's causes of action against defendants are barred by the doctrine of governmental immunity.

**Fourth Affirmative Defense to All Counts:**

If the plaintiff has a claim against any other insurer under any provision in an insurance policy, other than a claim against the policy of LEGION INSURANCE COMPANY which is expressly denied, which is also a covered claim under Conn. Gen. Stat. §§ 38a-836 to 38a-853, inclusive, shall exhaust first his rights under such policy, and pursuant to Conn. Gen. Stat. § 38a-845(1), any amount payable by LEGION INSURANCE COMPANY on a covered claim under Conn. Gen. Stat. §§ 38a-

836 to 38a-853, inclusive, shall be reduced by the amount recoverable under that insurance policy and chapter 568 of the Connecticut General Statutes.

**Fifth Affirmative Defense to All Counts:**

If the plaintiff has a claim under any governmental insurance or guaranty program which such claim is also a covered claim shall be required to first exhaust his rights under such program and pursuant to Conn. Gen. Stat. § 38a-845(3), any amount payable by LEGION INSURANCE COMPANY, which is expressly denied, on a covered claim under sections 38a-836 to 38a-853, inclusive, shall be reduced by any amount recoverable under such program.

DEFENDANTS,
TOWN OF MIDDLETOWN, DAVID VISCONTI, in his official and individual capacity, DEREK PUORRO, in his individual capacity and MICHAEL KERKES, in his individual capacity

By________________________________

Beatrice S. Jordan
ct22001
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: bjordan@hl-law.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 15th day of March, 2004.

Rachel M. Baird, Esquire
Law Office of Rachel M. Baird
Stonegate Professional Building
379 Prospect Street
Torrington, CT 06790-5239

Trina Solecki, Esquire
City Attorney
City Hall
245 DeKoven Drive
P.O. Box 1300
Middletown, CT 06457

______________________________
Beatrice S. Jordan