UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH R. BRANCIFORTE, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:02-cv-928(AVC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MIDDLETOWN, ET AL., | : | |
| | : | |
| Defendants. | : | JANUARY 10, 2005 |

**PLAINTIFF'S MOTION FOR WAIVER OF SECURITY FOR COSTS**

Pursuant to Rule 83.3 of the Local Rules for the District of Connecticut, Plaintiff Joseph R. Branciforte moves for a waiver of the requirement that he post the sum of $500.00 in security for costs in the above-captioned matter. In support thereof, Plaintiff offers:

1. Plaintiff is the sole proprietor of a used appliance storefront business in a commercial-residential district in Middletown, Connecticut.

2. Plaintiff filed a Complaint in the above-referenced matter on May 31, 2002.

3. Plaintiff's claims were stayed pending an order issued by the Commonwealth of Pennsylvania in the matter of M. Diane Koken Insurance Commissioner of the Commonwealth of Pennsylvania v. Legion Insurance Company, Docket No.183 M.D. 2002.

4. Plaintiff, in recognition of this Court's enforcement of the rehabilitation order and stay and based on the principles of abstention, comity, and full faith and credit, waited approximately eighteen months for his case to proceed because the Town of Middletown basically did not have the insurance to defend.

5. On November 12, 2004, Defendants deposed Plaintiff regarding the allegations in the Complaint and Plaintiff's business income and financial status.

6. On December 7, 2004, after the matter had been pending for two and one half years, Defendants' filed a motion for security costs. (doc. #36)

7. Presently, posting $500.00 would present a hardship to Plaintiff given that the winter is a slower period for the used appliance business, a large portion of which relies on the need for air conditioners in the summer.

8. Plaintiff, relying on principles of equity, asks the Court to waive the $500.00 in full or to the extent deemed appropriate by the Court or for a period of time, to provide Plaintiff the same consideration that was given to the Defendants' who were without funds to defend for a period of time.

WHEREFORE, Plaintiff respectfully requests that the instant motion waiver of the security costs be waived.

                                  PLAINTIFF
                                  JOSEPH R. BRANCIFORTE


BY: _____
     Rachel M. Baird
     (CT Fed. Bar No. 12131)
     Law Office of Rachel M. Baird
     379 Prospect St
     Torrington CT 06790-5239
     Tel: (860) 626-9991
     Fax: (860) 626-9992

## **CERTIFICATION**

  I HEREBY CERTIFY that a copy of the foregoing motion for waiver of security costs was mailed, first-class, postage paid on January 10, 2005, to counsel of record, as follows:

Beatrice S. Jordan, Esq.
Howd & Ludorf
65 Wethersfield Ave
Hartford CT 06114-1102

Trina Solecki, Esq.
City Attorney
City Hall
245 DeKoven Dr
Middletown CT 06457-3405

                _____
                Rachel M. Baird