Westlaw.

Not Reported in F.Supp.2d  
2003 WL 22455005 (D.Conn.)  
**(Cite as: 2003 WL 22455005 (D.Conn.))**

Page 1

▷  
**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
D. Connecticut.

Victor COLON, Plaintiff,  
v.  
Officer L. TUCCIARONE, et. al. Defendants.

No. CIV3:02CV00891PCD.

July 21, 2003.

Robert M. Berke, Bridgeport, CT, William Sylvester Palmieri, New Haven, CT, for Plaintiff.

Barbara Brazzel-Massaro, Office of the City Attorney, Bridgeport, CT, for Defendants.

*RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

DORSEY, J.

***1** Defendants, two Bridgeport police officers and the City of Bridgeport ("City"), move for summary judgment against Plaintiff's claims of (1) false arrest in violation of 42 U.S.C. § 1983 and Connecticut law, [FN1] (2) the City's municipal liability, and (3) intentional infliction of emotional distress. [FN2] For the reasons set forth herein, Defendants' motion is granted.

> FN1. It is unclear whether Defendants move for summary judgment on Plaintiff's federal false arrest claim only, or Plaintiff's state false arrest claim as well.
> The Second Circuit has held, however, that, "save for the requirement that the constitutional tort be under color of state law, both [state- and § 1983-false arrest] torts are substantially the same." *Posr v. Doherty,* 944 F.2d 91, 96 (2d Cir.1991) (internal quotation marks omitted); *Lennon v. Miller,* 66 F.3d 416, 423 (2d Cir.1995) ("false arrest is cognizable under § 1983 only if it also encompasses a violation of federal statutory or constitutional law.").
> As Defendants' brief argues that probable cause existed-and as, under Connecticut law, false arrest requires an absence of probable cause, *Ham v. Greene,* 248 Conn. 508, 729 A.2d 740, 758 (Conn.1999) ("the lack of probable cause is a critical element of ... [a] false arrest claim....")- Defendants' motion is read to apply against both Plaintiff's state and federal claims of false arrest.

> FN2. While Defendants invoke qualified immunity-which is applicable to Plaintiff's claims of false arrest, malicious prosecution, and unlawful search and seizure-Defendants' brief discusses application in a false arrest context only.
> Local Rule 7(a)1 requires that "[a]ny motion involving disputed issues of law shall be accompanied by a written memorandum.... Failure to submit a memorandum may be deemed sufficient cause to deny the motion." Defendants' motion for summary judgment on the grounds of qualified immunity is therefore read to extend to Plaintiff's claim of false arrest only.

I. BACKGROUND

Upon review of the parties' respective 56(a)(1) and (2) statements, [FN3] the following facts emerge as undisputed, except where otherwise noted. [FN4]

> FN3. Connecticut's local rules were recently renumbered. The new designation of "56(a)" and the old designation of "9(c)" should be read interchangeably throughout this document.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN4. Plaintiff disputes some of these facts in his Local Rule 56(a)(2) statement. Plaintiff does not, however, support his dispute with a "citation to (1) the affidavit of a witness competent to testify as to the fact at trial and/or (2) evidence that would be admissible at trial," as directed by Local Rule 56(a)(3). Such facts are therefore considered undisputed. "[A] district court is not required to scour the record looking for factual disputes.... A court need not make the lawyer's case." *Little v. Cox's Supermarkets,* 71 F.3d 637, 641 (7th Cir.1995).

Around midnight on November 6 and 7, 2001, Defendants Tucciarone and Davila stopped Plaintiff's vehicle while on duty in Bridgeport's Washington Park neighborhood. Defendant Tucciarone observed that Plaintiff's eyes were bloodshot and glassy, and that he smelled of alcohol. Plaintiff admitted to Defendant Tucciarone that he had consumed three twelve-ounce cans of beer earlier in the evening.

Defendant Tucciarone administered field sobriety testing. Plaintiff failed the horizontal gaze nystagmus test. It is undisputed that Plaintiff was unable to perform the walk-and-turn test, but Plaintiff claims to have informed Defendant Tucciarone that illness alone precluded his performance of the test. (Pl.'s Local Rule 9(c)2 Statement.)

Plaintiff took two breathalyzer tests separated by 30 minutes, as prescribed by Connecticut's drunk driving statute, Conn. Gen.Stat. § 14-227(a), registering blood alcohol levels of .069 and .060. Plaintiff was charged with driving under the influence of alcohol ("DUT"), held overnight, and appeared before a state court the next day before being released.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his federal rights to be free from false arrest, malicious prosecution, and unlawful search and seizure. Plaintiff also claims that Defendants committed the same three violations-and additionally intentionally inflicted emotional distress on him-under Connecticut law. Plaintiff finally claims that the City has incurred liability through its "failure adequately to train, supervise, discipline, screen or hire officers in its employ...." (Compl.¶ 1.) Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees.

II. STANDARD OF REVIEW

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

III. DISCUSSION

A. State and Federal False Arrest

*2 Plaintiff claims that Defendant officers deprived him of his federal rights by arresting him without probable cause. Defendants argue that the officers are immune from liability for their actions and that probable cause existed for the arrest.

Qualified immunity allows "government officials performing discretionary functions ... [to be] shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). An objective reasonableness standard is employed. *Cartier v. Lussier,* 955 F.3d 841, 843- 4 (2d Cir.1992).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2003 WL 22455005 (D.Conn.)
**(Cite as: 2003 WL 22455005 (D.Conn.))**

A clearly established constitutional right is implicated: "[t]he right not to be arrested ... without probable cause has, of course, long been a clearly established constitutional right." *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991).

Defendant Tucciarone's arrest of Plaintiff was supported by probable cause.

Probable cause to arrest exists when "the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Id.* at 870 (internal citation omitted). The presence of probable cause is a function of "probabilities, not certitude, as viewed by a reasonably prudent law enforcement official considering all the objective facts known prior to effectuating the arrest." *Carson v.. Lewis,* 35 F.Supp.2d 250, 257 (E.D.N.Y.1999). Ultimate dismissal of the charges against an arrestee does not indicate that the arrest was made without probable cause." *Martin v. Rodriguez,* 154 F.Supp.2d 306, 312 (D.Conn.2001).

Plaintiff's admission of drinking, odor of alcohol, glassy eyes, slurred speech, and failure of the horizontal gaze nystagmus field sobriety test are sufficient to warrant Defendant Tucciarone's reasonable belief that Plaintiff was operating his vehicle in violation of § 14-227(a). [FN5] *See Newby v. Town of Cromwell,* 25 F.Supp.2d 56 (D.Conn.1998) (finding probable cause to arrest where plaintiff admits to drinking, smells of alcohol, displays glassy and red eyes, and fails at least one field sobriety test, despite plaintiff's later passing two breathalyzer tests); *Scott v. Salinas,* 46 Conn.Supp. 337, 750 A.2d 513 (Conn.Sup.Ct.1998) (finding probable cause to arrest under Connecticut law where plaintiff fails field sobriety tests) (internal citation omitted).

> FN5. Conn. Gen.Stat. § 14-227(a) establishes two drunk driving offenses. DWI involves operating a motor vehicle with an elevated blood alcohol count of over .008 (amended in 2002 from .010 for first-time offenders, which was the applicable threshold at the time of the events at issue). DUI involves operating a motor vehicle "while under the influence of intoxicating liquor or any drug or both...." *Id.*

Plaintiff has raised no issue regarding Defendant Tucciarone's overnight detention of Plaintiff for DUI. Plaintiff's successful performance of the breathalyzer tests simply did not impact probable cause to detain Plaintiff for DUI: it impacted only probable cause to detain for DWI, for which Plaintiff was not detained.

Defendant's qualified immunity shield is supplemented by the proposition that "[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995). Defendants' motion for summary judgment on this count is granted.

B. Municipal Liability

**\*3** The U.S. Supreme Court has ruled that municipalities may be liable under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision," *Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), noting that official action may constitute a policy statement even without having "received formal approval through the [municipality's] official decisionmaking channels." *Id.* at 691. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor...." *Id.* at 691 (emphasis in original). [FN6]

> FN6. *Monell* analysis applies only to municipal liability claims founded on § 1983 (i.e., federal claims): plaintiff's state law claims are unaffected by *Monell* and its progeny. *Jonelis v. Russo,* 863 F.Supp. 84, 89 (D.Conn.1994). Plaintiff's opposition brief, however, discusses municipal liability only in terms of *Monell,* thereby indicating that municipal liability is sought only for Plaintiff's federal claims. As this court cannot- and will notfind claims to exist unsupported by brief (*see* note 2, *supra* ), Plaintiff's search for municipal liability is deemed to apply only

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

to his federal law claims.

In the instant case, Plaintiff offers no evidence regarding a municipal policy or custom of unconstitutional action, instead offering evidence of a mere single incident, viz.:
> Q ... State each and every fact which you have or intend to rely upon to support your claim that the City of Bridgeport failed to adequately train, supervise, discipline, screen and hire member of the City of Bridgeport Police Department as set forth in Paragraph 13 of the Complaint.
> A As I told you, they're not well trained.
> Q Is that your answer?
> A They didn't do with me what they should have done. They treated me badly.
> Q Anything else that you wish to add?
> A They treated me very badly.
> Q Is that your answer?
> A Yes. (Colon Dep. at 99-100.)

This court has recently ruled that "mere assertion that a municipality has such a policy [of unconstitutional action] is generally insufficient.... A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." *Peters v. City of Stamford,* 3:99-CV-764 CFD, 2003 WL 1343265 at *10 (D.Conn. March 17, 2003). Defendant's motion for summary judgment on this count is accordingly granted.

C. Intentional Infliction of Emotional Distress

Under Connecticut law, intentional infliction of emotional distress consists of four elements:
> (1) that [Defendant] intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress and (4) that the emotional distress sustained by the plaintiff was severe." *Petyan v. Ellis,* 200 Conn. 243, 510 A.2d 1337, 1342 (Conn.1986).

Defendants argue that Plaintiff has failed to offer evidence of only elements (1) and (4). (Mem. Supp. Mot. for Summ. J. at 18.)

Assuming *arguendo* that intent can be found as a matter of law, Plaintiff fails to offer evidence of severe emotional distress sufficient to survive a motion for summary judgment.

Connecticut courts have held that distress is severe when it reaches a level which "no reasonable [person] could be expected to endure...." *Mellaly v. Eastman-Kodak Co.,* 42 Conn.Supp. 17, 597 A.2d 846, 848 (D.Conn.1986) (quoting *Restatement (Second) of Torts* § 46 note d (1965)). *See also, Birdsall v. City of Hartford,* 249 F.Supp.2d 163, 175-6 (D.Conn.2003) (quoting *Mellaly, supra* ). The Restatement further suggests that "[t]he intensity and the duration of the distress are factors to be considered in determining its severity." § 46 note j.

**\*4** Plaintiff offers evidence of agitation, disturbance, aggravation of his pre-existing illness, fear and nervousness, embarrassment, pain, emotional hurt, and loss of his "faith in the law." (Pl.'s Local Rule 9(c)2 Statement.)

This evidence cannot, as a matter of law, support a finding of distress that no reasonable person could be expected to endure. Agitation, disturbance, fear, nervousness, embarrassment, pain, and loss of faith in the law following a traffic stop, arrest, and court appearance are by no means distress that no reasonable person can be expected to endure. Plaintiff's evidence of aggravation of his preexisting illness is similarly inconsequential: "psychic as well as physical injury claims must be supported by competent expert medical opinion regarding origin, existence, and causation." *Vallinoto v. DiSandro,* 688 A.2d 830, 839 (R.I.1997) (internal citation omitted). [FN7]

> FN7. Although Defendants do not contest the causation element, Plaintiff produces little evidence to connect the aggravation of his illness to Defendants' conduct.
> Similarly, although Defendants do not contest the conduct element, it is doubtful that police officers lawfully executing their duties exhibited "extreme and outrageous" conduct.

Plaintiff's proffered evidence is, as a matter of law, insufficient to warrant a finding of severe emotional distress. Defendants' motion for summary judgment on this count is granted.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit E

Not Reported in F.Supp.2d                                                                                                                    Page 5
2003 WL 22455005 (D.Conn.)
**(Cite as: 2003 WL 22455005 (D.Conn.))**

IV. CONCLUSION

For the reasons set forth herein, Defendants' motion for summary judgment is granted as consistent with the foregoing opinion.

SO ORDERED.

2003 WL 22455005 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**
- 3:02CV00891   (Docket)
                                                (May. 23, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit E