Not Reported in A.2d  Page 1
1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418
**(Cite as: 1999 WL 162791 (Conn.Super.))**

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

**Barbara ANDERSON**, et al.,
v.
**CITY OF NEW LONDON.**

No. 541273.

March 4, 1999.

MEMORANDUM OF DECISION

HURLEY.

***1** The plaintiff, Barbara Anderson, brought an action individually and as administratrix of the decedent, Erik Anderson's estate, solely against the City of New London. The plaintiff did not name any municipal officers, agents or employees as codefendants. The plaintiff's thirteen-count complaint is structured so that the first seven counts (counts one through seven) are on behalf of the decedent, Erik Anderson, and the remaining six counts (counts eight through thirteen) are on behalf of Barbara Anderson, individually and as administratrix of the decedent's estate.

The first through sixth counts seek damages for the personal injuries, death, false arrest, false imprisonment and infliction of emotional distress of the decedent, and request municipality indemnification pursuant to General Statutes § 7-465 . The seventh count alleges a violation of 42 U.S.C. § 1983. The eighth count does not independently state a legal cause of action, but alleges that the plaintiff was appointed administratrix of the decedent's estate, and that she and the decedent were concurrently taken into custody by the New London Police Department. The ninth, eleventh and twelfth counts allege, respectively, false arrest, false imprisonment and infliction of emotional distress. The tenth count alleges that the conduct of the defendant's employees was neither wanton nor wilful, and requests relief pursuant to § 7-465. The thirteenth count alleges a violation of 42 U.S.C. § 1983.

On November 4, 1998, the defendant filed a motion for summary judgment. On December 14, 1998, the plaintiff filed an opposition to the defendant's motion, and a request for leave to amend the complaint.

The plaintiff has apparently acknowledged the legal insufficiencies of her complaint. In her Opposition Memorandum to the Defendant's Motion for Summary judgment, the plaintiff states, "To the extent that the Complaint attempts to impose the duty of indemnification upon the defendant municipality [under § 7-465], those causes of action may be removed from this case because no individuals were sued in their own names. Thus indemnification is not applicable. In addition, no actions pursuant to 42 U.S.C. § 1983 will be prosecuted by the plaintiffs. But ... the Motion as it applies to all other counts should be denied as a matter of law." Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, pp. 10-11.

Thus, the plaintiff has conceded that summary judgment should and will enter for the defendant as to those counts seeking indemnification under § 7-465 (counts one through six, and ten), and the counts seeking relief under 42 U.S.C. § 1983 (counts seven and thirteen). In addition, the court notes that the eighth count simply asserts general factual allegations and does not independently state a legal cause of action.

Accordingly, the remaining counts for the court to consider are as follows: count nine (intentional/negligent false arrest and imprisonment); count eleven (intentional false imprisonment); and count twelve (intentional/negligent infliction of emotional

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418  
**(Cite as: 1999 WL 162791 (Conn.Super.))**

Page 2

distress).

**\*2** "Connecticut courts have permitted the use of the motion for summary judgment to contest the legal sufficiency of the complaint, even though legal sufficiency is more appropriately tested by a motion to strike." *Jewett v. General Dynamics Corp.,* Superior Court, judicial district of New London, Docket No. 530943 (May 1, 1997) (Booth, J.). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ... [T]he trial court must view the evidence in the light most favorable to the nonmoving party ... [A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue ..." (Citations omitted; internal quotation marks omitted.) *Maffucci v. Royal Park Ltd. Partnership,* 243 Conn. 552, 554-55, 707 A.2d 15 (1998).

Counts nine, eleven and twelve of the plaintiff's complaint assert direct municipal liability for the alleged false arrest, false imprisonment and infliction of emotional distress on behalf of the plaintiff, Barbara Anderson. The plaintiff's complaint, however, does not expressly provide the statutory authority under which the defendant may be held liable.

"The general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity ... The legislature ... has set forth general principles of municipal liability and immunity in General Statutes § 52-557n." *Williams v. New Haven,* 243 Conn. 763, 766-67, 707 A.2d 1251 (1998) (holding plaintiffs must cite to statutory provision, i.e., § 52- 557n, to pursue direct claim against city). The plaintiff must, therefore, cite to a statutory abrogation of governmental immunity in order to permit her claims directly against a municipality. See *id.,* 767, 707 A.2d 1251; see also Practice Book § 10-3(a) ("When any claim made in a complaint ... is grounded on a statute, the statute shall be specifically identified by its number"). However, express reference to a statute within a pleading is directory, rather than mandatory. See *Peerless Ins. Co. v. Tucciarone,* 48 Conn.App. 160, 163 n. 3, 708 A.2d 611 (1998) ("Although it is not mandatory, we note the preferred manner of pleading is to identify specifically the number of the statute relied upon").

Although the plaintiff in the present case does not cite to any statutory abrogation of governmental immunity in her complaint, the court and the defendant are aware that the plaintiff now seeks to impose liability on the defendant under § 52-557n. See Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 8. Accordingly, the court will consider the defendant's liability, if any, in light of § 52-557n.

**\*3** Section 52-557n(a)(1) confers liability upon a municipality "for damages to person or property caused by ... [t]he negligent acts or omissions of such [municipality] or any employee, officer or agent thereof acting within the scope of his employment or official duties." The municipality's liability is limited, however, by the exceptions in § 52-557n(a)(2), which provides that a municipality "shall not be liable for damages to person or property caused by: (A) [a]cts or omissions of any employee ... which constitute ... wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes § 32-557n; see also *Sanzone v. Board of Police Commissioners,* 219 Conn. 179, 193, 592 A.2d 912 (1991).

To the extent that the complaint seeks redress for the *intentional* torts of false arrest, false imprisonment and intentional infliction of emotional distress, the defendant is immune pursuant to § 52-557n(a)(2)(A). That section states that a municipality shall not be liable for the "wilful misconduct" of its employees. Because count eleven, in its entirety, seeks redress for intentional false imprisonment, the defendant is entitled to summary judgment as to count eleven. Furthermore, to the extent that counts nine and twelve seek redress for the intentional torts of false arrest, false imprisonment and intentional infliction of emotional distress, the defendant is entitled to summary judgment.

Counts nine and twelve may, however, be read so

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-00928-AVC     Document 41-10     Filed 01/14/2005     Page 3 of 4

Not Reported in A.2d                                                                                                Page 3
1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418
**(Cite as: 1999 WL 162791 (Conn.Super.))**

as to include causes of action for *negligent* false imprisonment, false arrest and negligent infliction of emotional distress. Although false imprisonment "comes within the category of intentional torts," *Green v. Donroe,* 186 Conn. 265, 268, 440 A.2d 973 (1982), the law recognizes that "[n]egligent conduct which results in a confinement of sufficient consequence to constitute the actual damage required to maintain a negligence action is a sufficient basis for imposing liability." *Id.,* 270, 440 A.2d 973. The same theory applies to false arrest, which is a subset of false imprisonment. See R. Newman & J. Wildstein, Tort Remedies in Connecticut (1996) § 12-5(g), p. 173. "However, a plaintiff may recover for false imprisonment under a theory of negligence only if it is explicitly pleaded." R. Newman & J. Wildstein, *supra,* § 12-5(a)(1), citing *Green v. Donroe, supra,* 186 Conn. 271. "Moreover, in such a case the plaintiff must allege and prove actual damages." *Id*. "Incarceration of even brief duration has been found sufficient to fulfill the requirement of actual damage." *Green v. Donroe, supra,* 186 Conn. 271.

**\*4** The plaintiff in the present case alleges that the conduct of the defendant's employees causing her arrest and imprisonment may have been done in a negligent manner. See Complaint, Count 9, 14. The municipality, however, is immune from liability for the "negligent acts or omissions which require the exercise of judgment or discretion ..." General Statutes § 52-557n(a)(2)(B). Municipalities "are not immune, however, from liability for ministerial acts performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action ... Thus, liability may attach for a negligently performed ministerial act, but not for a negligently performed ... discretionary act." (Citations omitted; internal quotation marks omitted.) *Romano v. Derby,* 42 Conn.App. 624, 629, 681 A.2d 387 (1996).

Accordingly, the defendant's liability in the present case hinges upon whether the alleged conduct of the defendant's employees was discretionary or ministerial. The plaintiff argues that the conduct of the defendant's employees was "clearly ministerial."

Ordinarily, "whether the act complained of ... is discretionary or ministerial is a factual question which depends upon the nature of the act complained of." *Id*. However, "the deployment of police officers is a discretionary governmental action as a matter of law." *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 180, 544 A.2d 1185 (1988). Several Superior Court cases have held "that the process by which a police officer decides to make an arrest involves discretionary actions [as a matter of law]." *Castorina v. Stewart,* 22 CONN. L. RPTR. 1, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324487 (June 3, 1998) (Skolnick, J.), citing *Elinsky v. Marlene,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 557659 (October 31, 1997) (Hale, S.T.R.); *Gonzalez v. Bridgeport,* 9 CONN. L. RPTR. 202, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 253464 (June 4, 1993) (Fuller, J.). Accordingly, this court finds that the defendant's employees' actions in arresting the plaintiff were discretionary as a matter of law.

Thus, the defendant is entitled to summary judgment with respect to count nine to the extent it seeks recovery for negligent false arrest. [FN1]

> FN1. The plaintiff attempts to raise the "identifiable person/imminent harm" exception. See *Purzycki v. Fairfield,* 244 Conn. 101, 107, 708 A.2d 937 (1998) ("one of the recognized exceptions to qualified immunity for discretionary acts ... [is] where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm"). It is well settled that this exception is only applicable in an action against an individual municipal employee. See *Maderos v. Shelton,* Superior Court, judicial district of Milford, Docket No. 058185 (October 7, 1998) (Thompson, J.) (23 CONN. L. RPTR. 100) ("exception applies only to an action against a specific municipal employee"); *Reynolds v. Phelps,* Superior Court, judicial district of Windham at Putnam, Docket No. 057089 (July 6, 1998) (Sferrazza, J.) (22 CONN. L. RPTR. 335) ("Unlike municipal employee liability ... 52-557n affords no exception to governmental immunity for subjecting individuals to imminent harm").

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418
**(Cite as: 1999 WL 162791 (Conn.Super.))**

The plaintiff's claims for negligent false imprisonment and negligent infliction of emotional distress, however, do not necessarily entail discretionary actions as a matter of law. The conduct of the defendant's employees giving rise to those claims may or may not have been ministerial in nature. This is a question of fact which cannot appropriately be decided by way of a motion for summary judgment. Accordingly, the defendant is not entitled to summary judgment with respect to count nine to the extent it seeks recovery for negligent false imprisonment, and count twelve to the extent it seeks recovery for negligent infliction of emotional distress.

## IV. CONCLUSION

**\*5** The court grants the defendant's motion for summary judgment insofar as it does not request judgment as a matter of law with respect to the plaintiff, Barbara Anderson's, claims for negligent false imprisonment and negligent infliction of emotional distress.

The court also grants the motion for summary judgment, as already stated, as to counts one, three, six, seven, eight and thirteen.

1999 WL 162791 (Conn.Super.), 26 Conn. L. Rptr. 418

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit H