Westlaw.

Not Reported in A.2d    Page 1
1997 WL 729102 (Conn.Super.)
**(Cite as: 1997 WL 729102 (Conn.Super.))**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

**Stephen ELINSKY**
v.
Paul MARLENE

**No. CV960557659.**

Nov. 14, 1997.

MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE

HALE, Judge.

FACTS

**\*1** The plaintiff, Stephen Elinsky, was arrested on January 23, 1993, on charges of assault in the third degree, threatening and breach of the peace based upon a complaint made to the Hartford Police Department by Paul Marlene, also a defendant in the present case. The charges filed against the plaintiff were discharged on September 12, 1995 by the Superior Court after a habeas corpus proceeding.

The plaintiff filed an amended complaint on July 10, 1996, alleging negligence on the part of the defendants, City of Hartford, Officer Scott Vinci and Officer Robert Davis. Specifically, the plaintiff alleges that the defendants were negligent in arresting the plaintiff, submitting false statements in their affidavit in support of the arrest warrant, and in not properly interviewing witnesses and investigating the incident. The plaintiff also alleges causes of action for negligent infliction of emotional distress, intentional infliction of emotional distress and defamation.

The defendants now move to strike counts seven, eight, nine, ten and eleven of the plaintiff's amended complaint on the grounds of governmental immunity, and because the plaintiff has failed to state legally sufficient causes of action for negligent infliction of emotional distress, intentional infliction of emotional distress and for defamation.

As required by Practice Book § 155, the defendants have filed a memorandum in support of their motion to strike, and the plaintiff has timely filed a memorandum in opposition. The defendants have also submitted a Points of Law memorandum on the issue of governmental immunity and the plaintiff has filed a reply memorandum. In addition, the plaintiff has filed a supplemental memorandum in support of his objection to the defendants' motion to strike.

"The purpose of a motion to strike is to contest ... the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) *Waters v. Autuori,* 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." *Id.,* 826, 676 A.2d 357.

In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) *Novametrix Medical Systems v. BOC Group, Inc.,* 224 Conn. 210, 215, 618 A.2d 25 (1992). While the motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Id.,* 215, 618 A.2d 25.

"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." *Gordon v. Bridgeport Housing Authority,* 208 Conn. 161, 170, 544 A.2d 1185 (1988). "[When] it is apparent from

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1997 WL 729102 (Conn.Super.)  
**(Cite as: 1997 WL 729102 (Conn.Super.))**

Page 2

the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike." *Brown v. Branford,* 12 Conn.App. 106, 111 n. 3, 529 A.2d 743 (1987). See also *Heigl v. Board of Education,* 218 Conn. 1, 8-9, 587 A.2d 423 (1991) (holding that trial court properly granted a motion to strike on the basis of governmental immunity); *Kolaniak v. Board of Education,* 28 Conn.App. 277, 279, 610 A.2d 193 (1992) (approving the practice of deciding the issue of governmental immunity as a matter of law).

**\*2** Before addressing the individual counts of the plaintiff's amended complaint, the court will address the nature of the pleadings as a whole. In counts seven and eleven of his amended complaint, the plaintiff alleges that the actions of the defendant were "negligent, careless, wanton and intentional" in a number of respects. [FN1]

> FN1. Specifically, the plaintiff alleges negligent, careless, wanton and intentional conduct on the part of the defendants in violation of General Statutes §§ 7-465, 54-1f, 54-33a, 54-33b, 54-33c, Title 54 Chapter 959, Connecticut Constitution Article 1, Sections 1, 9, 20, and the United States Constitution Fourth Amendment, Fifth Amendment and Fourteenth Amendment.

In *Brown v. Branford, supra,* 12 Conn.App. 108, count one of the plaintiff's complaint alleged "willful, wanton and intentional negligence." The court explained that "[t]he term intent denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it ... Wanton misconduct is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action ... Finally, negligence ... signifies a want of care in the performance of an act, by one having no positive intention to injure the person complaining of it." (Citations omitted; internal quotation marks omitted.) *Id.,* 108. "Because the plaintiff has used these incompatible terms in a single count, we must determine under which theory the plaintiff was pleading." *Id.,* 108-09.

"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence ... In this case, the plaintiff's injection of the words 'intentionally and knowingly' in his amended complaint failed to constitute additional factual allegations that would alter the nature of the conduct complained of ... [Therefore,] we construe the plaintiff's first count as sounding in negligence." *Id.,* 110.

In *American National Fire Ins. Co. v. Schuss,* 221 Conn. 768, 775-76, 607 A.2d 418 (1992), the court held that intentional conduct and negligent conduct "are separate and mutually exclusive ... Although in a given case there may be doubt about whether one acted intentionally or negligently, the difference in meaning is clear. As Holmes observed, even a dog knows the difference between being tripped over and being kicked." (Citations omitted; internal quotation marks omitted.)

Because the plaintiff has included incompatible terms, specifically "negligent, careless, wanton and intentional," in a single count, and because both parties have treated counts seven and eleven as negligence claims in their memoranda in support and in objection to the motion to strike, [FN2] the court will construe counts seven and eleven as sounding in negligence.

> FN2. See Supplemental Memorandum in Support of Plaintiff's objection to the Defendants' motion to strike stating that "the present case, however, concerns alleged negligence of individual police officers while performing their duties in a negligent manner ..." p. 9; See also Defendants' Memorandum of Law in support of Defendants' Motion to Strike, p. 1.

I. GOVERNMENTAL IMMUNITY

In *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 170, the court reiterated its adherence to the "public duty doctrine," which furnishes the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                   Page 3
1997 WL 729102 (Conn.Super.)
**(Cite as: 1997 WL 729102 (Conn.Super.))**

starting point of a municipal liability analysis. The court explained that "[a] municipality itself was generally immune from liability for its tortious acts at common law ... but its employees faced the same personal tort liability as private individuals." (Citations omitted.) *Id.,* 165. "This court subsequently adopted the public duty doctrine, which provided even more immunity to public officials ..." (Citations omitted; internal quotation marks omitted.) *Id.,* 166. See also *Shore v. Stonington,* 187 Conn. 147, 152, 444 A.2d 1379 (1982).

**\*3** In explaining the distinctions between public and private duties, the Supreme Court has held that "[i]f the duty imposed upon the public official ... is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual." (Internal quotation marks omitted.) *Roman v. Stamford,* 16 Conn.App. 213, 220, 547 A.2d 97, cert. granted, 209 Conn. 821, 551 A.2d 757, affirmed, 211 Conn. 396, 559 A.2d 710 (1988).

The plaintiff admits in his supplemental memorandum in opposition to the defendants' motion to strike that the existence of a duty is a question of law, however, the plaintiff also argues that the question of "whether the official owed a duty to the individual plaintiff and not just to the public generally ... *is* a factual inquiry that should be left to the trier of fact." (Supplemental Memorandum in Opposition to the Defendants' Motion to Strike, p. 3.). The plaintiff relies on *Sestito v. Groton,* 178 Conn. 520, 528, 423 A.2d 165 (1979), wherein the court held that because there was conflicting testimony regarding the police officer's actions, the issue of whether he owed a duty to the plaintiff should have gone to the jury.

*Sestito v. Groton, supra,* however, is distinguishable from the present case. In that case, the plaintiff brought an action under General Statutes 7-108 and 7-465. Section 7-108 [FN3] provides in relevant part that a city is liable for injuries to persons from mobs, riotous assemblies or disturbances of the peace when the proper authorities have not exercised reasonable care to prevent or suppress the mob. Thus, the court held that issues of fact existed as to whether the group involved constituted a mob under the statute and if so, whether the town's failure to protect the decedent came within the purview of the statute.

> FN3. General Statutes 7-108 provides in relevant part: "Each city and borough shall be liable for all injuries to person or property, including injuries causing death, when such injuries are caused by an act of violence of any person or persons while a member of, or acting in concert with, any mob, riotous assembly or assembly of persons engaged in disturbing the public peace, if such city or borough, or the police or other proper authorities thereof, have not exercised reasonable care or diligence in the prevention or suppression of such mob, riotous assembly or assembly engaged in disturbing the public peace."

In *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 161, 544 A.2d 1185, the court addressed the question of whether the issue of public duty can be decided on a motion to strike. The court explained that negligence actions involve a breach of a duty. "To sustain a cause of action, the court must determine whether the defendant owed a duty to the plaintiff's decedent ... The existence of a duty is a question of law ... Only if such a [private] duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted.) *Id.,* 171, 544 A.2d 1185. See also *Roman v. Stamford, supra,* 16 Conn.App. 220 (holding that the "determination [of whether there is a public or private duty] involves a question of law"); *Burns v. Board of Education,* 228 Conn. 640, 646, 638 A.2d 1 (1994) (holding that "[t]he existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide").

**\*4** Because the determination of whether a public or private duty exists involves a question of law, the court finds that the individual defendants in the present case, Officer Scott Vinci and Officer Robert Davis, were engaged in the performance of a public duty at the time of the alleged misconduct. See *Gonzalez v. City of Bridgeport,* Superior Court,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit J

Not Reported in A.2d                                                                                                              Page 4
1997 WL 729102 (Conn.Super.)
**(Cite as: 1997 WL 729102 (Conn.Super.))**

judicial district of Fairfield at Bridgeport, Docket No. 253464, 9 CONN. L. RPTR. 202 (June 4, 1993) (Fuller, J.) (holding that the "the failure to make prompt arrests would be at most a violation of a public rather than a private duty").

"[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." (Citations omitted.) *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 169-70; *Roman v. Stamford, supra,* 16 Conn.App. 219.

The Supreme Court "has also discussed extensively the difference between a ministerial and a discretionary act. A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature ... On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 167-68; *Burns v. Board of Education, supra,* 228 Conn. 645. *Purzycki v. Fairfield,* 44 Conn.App. 359, 362-63, 689 A.2d 504, cert. granted, 240 Conn. 926, 692 A.2d 1282 (1997).

In the present case the plaintiff argues that regardless of whether a public or private duty existed, the defendants are liable because they misperformed a ministerial act. The plaintiff argues that having made the decision to arrest, the defendants were negligent in the performance of police operations. These operations, the plaintiff argues, were ministerial because the acts were performed at the operational level, pursuant to prescribed training and protocol and thus no discretion was involved. The plaintiff also argues that the issue of whether the acts of the defendants were ministerial or discretionary is a question for the trier of fact.

The defendants argue that the operation of a police department, including decisions to make arrests and the investigation of crimes, is a discretionary governmental function. Therefore, the defendants argue that because the acts complained of are discretionary, they are immune from liability at a matter of law.

"The public/private duty distinction and the ministerial/discretionary test may appear to overlap and this has resulted in a lack of consistent analysis by this state's courts." *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 168. In *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 179-81, however, the Connecticut Supreme Court held as a matter of law that there was no breach of a duty owed to the plaintiff to provide police protection to a housing project, and that the nonperformance of a discretionary, governmental function owed to the public at large could not be the basis for a negligence action. Also, in *Redfaern v. Ennis,* 28 Conn.App. 398, 401, 610 A.2d 1338 (1992), the court held that "the determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide." See also *Evon v. Andrews,* 211 Conn. 510, 504, 559 A.2d 1131 (1989) (holding that the trial court did not err when it granted the defendant's motion to strike because the allegations of the complaint "clearly [spelled] out discretionary governmental duties"); *Heigl v. Board of Education, supra,* 218 Conn. 8 (affirming the trial court's granting of the defendant's motion to strike and concluding as a matter of law that the defendant was engaged in a discretionary activity and was therefore immune).

**\*5** "[I]t is firmly established that the operation of a police department is a governmental function, ... [and] that acts or omissions *in connection therewith* ordinarily do not give rise to liability on the part of the municipality." (Emphasis added; internal quotation marks omitted.) *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 180.

The court finds that the facts alleged in counts seven, eight, nine, ten and eleven require, in some measure, an exercise of judgment by the individual municipal employees. Accordingly, the individual defendant's actions were not ministerial, but discretionary. See also *Cook v. City of Hartford,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 362482 (August 21, 1992) (Aurigemma, J.) (7 CONN. L. RPTR. 270, 7

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

CSCR 1096, 1097) (holding that "[t]he act of training and supervising police officers is clearly a discretionary governmental function"); *Pagan v. Anderson,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 388804 (August 22, 1991) (Hennessey, J.) (4 CONN. L. RPTR. 428, 6 CSCR 816, 817) (holding that "[t]he use of police officers to serve arrest warrants is encompassed within the term 'general deployment of police officers,' which was found to be a discretionary governmental action as a matter of law in Gordon"); *Gonzalez v. City of Bridgeport, supra,* Superior Court, Docket No. 253464, 9 CONN. L. RPTR. 202 (holding that "[t]he investigation of crimes and decisions to make arrests for them is clearly a discretionary rather than a ministerial function").

"The immunity for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: *first,* where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm ... *second,* where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws ... and *third,* where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Emphasis added; citations omitted.) *Evon v. Andrews, supra,* 211 Conn. 505. See also *Shore v. Stonington, supra,* 187 Conn. 153-55.

The defendants concede that the third exception would apply to the plaintiff's intentional infliction of emotional distress claim of count nine, and therefore the motion to strike on the basis of governmental immunity applies only to counts seven, eight and eleven of the plaintiff's amended complaint. [FN4] Furthermore, because there is no statute specifically providing for a cause of action in the present case, the second exception is inapplicable to the motion to strike these counts. Therefore, the first exception is the only exception to governmental immunity applicable to the defendants' motion to strike counts seven, eight and eleven.

   FN4. See Defendants' Points of Law Memorandum regarding governmental immunity, p. 2. Also, because count ten involves the intentional tort of defamation, it would qualify for this exception and therefore the court may not strike count ten on the ground of governmental immunity.

**\*6** "The '[identifiable] person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." *Evon v. Andrews, supra,* 211 Conn. 507. This exception has been construed "to apply not only to identifiable individuals but also to narrowly defined identifiable classes of foreseeable victims." *Burns v. Board of Education, supra,* 228 Conn. 646. See also *Gonzalez v. City of Bridgeport, supra,* Superior Court, Docket No. 253464, 9 CONN. L. RPTR. 202 (holding that "[this] exception has only been extended to encompass situations of *personal danger* to an identifiable person"). (Emphasis added.)

In determining the scope of this exception to governmental immunity, courts have considered numerous criteria, "including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." *Burns v. Board of Education, supra,* 228 Conn. 647.

In *Evon v. Andrews, supra,* 211 Conn. 507-08, the court affirmed the granting of the defendant's motion to strike and distinguished *Sestito v. Groton, supra,* 178 Conn. 520, 423 A.2d 165, wherein the court held that the issue of imminence of harm should have been submitted to the jury. In *Evon v. Andrews, supra,* the plaintiffs alleged that the city was negligent in failing to properly enforce regulations and codes concerning the maintenance of rental dwellings and they sought damages for the wrongful deaths of their decedents who had been killed when fire destroyed their apartment. The court explained that "[t]his case does not present a situation in which this narrow exception applies." *Id.,* 507. "[T]he plaintiff's decedents were not subject to 'imminent harm.' This is clearly not the situation in which a police officer stood by and watched a public brawl that resulted in a person being shot [as happened in *Sestito v. Groton, supra* ] ... The present allegations do not even rise to the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-00928-AVC   Document 41-12   Filed 01/14/2005   Page 6 of 10

Not Reported in A.2d
1997 WL 729102 (Conn.Super.)
(Cite as: 1997 WL 729102 (Conn.Super.))

Page 6

level of imminence we rejected in *Shore v. Stonington, supra,* in which a police officer permitted a drunk driver to continue on his way, resulting in the death of the plaintiff's decedent." *Id.,* 508.

In *Shore v. Stonington, supra,* the plaintiff sought damages from the town of Stonington for the death of his decedent who was killed when her vehicle was struck by an automobile driven by an intoxicated driver. Prior to the collision, a Stonington police officer stopped and questioned the intoxicated driver after he observed the car speeding and crossing the center line of the highway. The plaintiff claimed that the police officer was negligent in not arresting that driver and that the imminent harm exception applied. The court, however, affirmed summary judgment for the defendants because the plaintiff's cause of action failed "for want of ministerial or a clear and unequivocal discretionary duty." *Shore v. Stonington, supra,* 187 Conn. 154. The court explained that "[t]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society ... We do not think that the public interest is served by allowing a jury of laymen with the benefit of 20/20 hindsight to second-guess the exercise of a policeman's discretionary professional duty. Such discretion is no discretion at all." *Id.,* 157.

**\*7** In *Pagan v. Anderson, supra,* 4 CONN. L. RPTR. 428, 6 CSCR 817, the court held that "[t]he determination of whether the defendant's actions did subject an identifiable person to imminent harm is a factual issue to be determined by the trier of fact." In so holding, however, the court explained that the plaintiff had sufficiently alleged an identifiable person-imminent harm exception to governmental immunity. Thus while the ultimate determination of whether a plaintiff was subjected to imminent harm is to be decided by a trier of fact, the initial determination of whether a party has sufficiently alleged that the exception applies in the first instance can be decided by the court as a matter of law.

For example, in *LaRochelle v. Town of Waterbury,* Superior Court, judicial district of New London at Norwich, Docket No. 106935 (August 29, 1995)

(Hendel, J.), the court granted the defendant's motion to strike the complaint on the ground that the police officers were performing discretionary acts for which they are immune from liability. In that case, the plaintiff claimed negligence on the part of a police officer in failing to prevent a woman from driving after the officer observed her exit a bar in an intoxicated state and was advised that she was incapable of driving. The court explained that "[a] review of the facts alleged in the complaint ... reveals that the decedent was not an identifiable person subject to imminent harm." *Id.*

In the present case, the plaintiff argues that even if the acts of the defendants were discretionary, the defendants remain liable because their "actions in obtaining the arrest warrant in a negligent manner would be likely to subject an identifiable person [the plaintiff,] to imminent harm." (Plaintiff's Supplemental Memorandum in Opposition to Defendants' Motion to Strike, p. 13.) In support of this argument, the plaintiff claims that he was identifiable and that he was subject to imminent harm because it was highly foreseeable that by failing to conduct an investigation or to interrogate the arrestee, "they had reason to know harm would befall the plaintiff." *Id.,* 14. Finally, the plaintiff argues that if there is conflicting testimony on the issue of imminence of harm, the matter should be submitted to the jury.

The defendants argue in support of their motion to strike that this exception applies to situations involving personal danger to an identifiable person and that Connecticut courts have only given limited recognition to this exception. Therefore, the defendants argue that because there was no personal danger involved, the exception is inapplicable to the present action.

In the court's opinion even if the plaintiff was construed to be an identifiable person under this exception to governmental immunity, the plaintiff's complaint fails to allege sufficient facts demonstrating that he was subject to imminent harm. Therefore, the court finds that the alleged actions of the defendants do not fall into one of the three exceptions or circumstances under which liability may attach even though the act was discretionary. Accordingly, the defendants' motion to strike counts seven, eight and eleven of the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit J

Not Reported in A.2d  
1997 WL 729102 (Conn.Super.)  
**(Cite as: 1997 WL 729102 (Conn.Super.))**

Page 7

plaintiff's amended complaint is granted on the ground of governmental immunity.

**\*8** Counts seven, eight and eleven of the plaintiff's complaint also allege claims pursuant to General Statutes § 7-465. [FN5] "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Internal quotation marks omitted.) *Wu v. Fairfield,* 204 Conn. 435, 438, 528 A.2d 364 (1987); *Sestito v. Groton, supra,* 178 Conn. 527. The municipality's liability is derived from the liability of its employee. *Kaye v. Manchester,* 20 Conn.App. 439, 443-44, 568 A.2d 459 (1990). "Thus, in a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." *Wu v. Fairfield, supra,* 204 Conn. 438.

> FN5. General Statutes § 7-465 provides in relevant part that "[a]ny town, city or borough ... shall pay on behalf of any employee of such municipality ... all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property ... if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty ... Governmental immunity shall not be a defense in any action brought under this section."

General Statutes § 7-465 also states that "[g]overnmental immunity shall not be a defense in any action brought under this section." In *Settani v. Town of Orange,* Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 044074, 12 CONN. L. RPTR. 329 (April 19, 1994) (Skolnick, J.), the court relied on this provision of 7-465 and held that "it is evident that the legislature has expressed a clear intention to remove sovereign immunity as a defense to a § 7-465 claim."

Based on the foregoing language, the plaintiff alleges that the state of Connecticut has abandoned the doctrine of governmental immunity. Contrary to what the plaintiff alleges, however, "Connecticut has not abolished governmental immunity. See General Statutes 52-557n." *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 183. Section 7-465 is an indemnity statute. Once a municipal agent or employee is first found liable, the municipality has an obligation to indemnify. It is in relation to this obligation that a municipality is prevented from claiming governmental immunity.

Accordingly, because the court has granted the individual defendant police officers' motion to strike counts seven, eight and eleven, the motion is also granted as to count seven, eight and eleven against the City of Hartford for indemnification. See *Kaye v. Manchester, supra,* 20 Conn.App. 443-44 (holding that a municipality's liability is derived from the liability of its employee).

II. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

In order to state a claim for negligent infliction of emotional distress, "the plaintiff [has] the burden of pleading and establishing that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." *Morris v. Hartford Courant Co.,* 200 Conn. 676, 683, 513 A.2d 66 (1986); see also *Parsons v. United Technologies Corporation,* 243 Conn. 66, 88, 700 A.2d 655 (1997).

**\*9** In support of their motion to strike count eight of the plaintiff's amended complaint, the defendants assert that the plaintiff failed to plead that the defendants knew or should have known that their actions in applying for the arrest warrant and in arresting the plaintiff would involve an unreasonable risk of causing severe emotional distress.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                     Page 8
1997 WL 729102 (Conn.Super.)
**(Cite as: 1997 WL 729102 (Conn.Super.))**

The plaintiff argues in opposition to the motion to strike that the other allegations of the complaint, as incorporated into count eight, sufficiently state a cause of action for negligent infliction of emotional distress. Specifically, the plaintiff cites to paragraph 5 of count seven of the amended complaint which provides in relevant part that the actions of the defendants were wrongful "[i]n that it and/or they negligently, carelessly and/or intentionally caused emotional and physical injuries to the claimant." Amended complaint Paragraph 5(e).

The court herewith grants the defendants' motion to strike count eight of the amended complaint on the ground that the amended complaint fails to allege that the defendants knew or should have known that their conduct was likely to cause an unreasonable risk of emotional distress to the plaintiff and it therefore does not support a cause of action for negligent infliction of emotional distress. [FN6]

> FN6. In support of his arguments in opposition to the defendants' motion to strike count eight of the amended complaint, the plaintiff cites to deposition testimony. "The annexation of documents not part of the complaint to a motion to strike as evidence raises a question as to whether the motion is a speaking motion to strike which is improper ... In deciding the present motion, the deposition will not be considered." *Santiago v. City of New Britain,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 390710, 4 CONN. L. RPTR. 351 (August 1, 1991) (Purtill, J.); see also *Doe v. Marselle,* 38 Conn.App. 360, 364, 660 A.2d 871, rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996) (holding that deposition testimony will not be considered on a motion to strike). Therefore, the deposition testimony contained in the plaintiff's exhibits appended to his opposition to the motion to strike will not be considered in deciding the present motion to strike.

III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

"In order for the plaintiff to prevail in a case for liability ... [for intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) *Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986).

"Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind ... Thus, liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Citations omitted; internal quotation marks omitted.) *Meehan v. Yale New Haven Hospital,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320418 (March 12, 1996) (Hartmere, J.) (16 CONN. L. RPTR. 437, 441); see also *DeLaurentis v. New Haven,* 220 Conn. 225, 266-67, 597 A.2d 807 (1991).

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery ..." *Mellaly v. Eastman Kodak Co.,* 42 Conn.Supp. 17, 19 n. 1, 597 A.2d 846 (1991).

**\*10** In support of his arguments in opposition to the defendants' motion to strike count nine of the amended complaint, the plaintiff cites to deposition testimony. (As previously stated, the deposition testimony contained in the plaintiff's exhibits should not be considered in deciding the present motion to strike.)

The plaintiff claims that when the defendants "wrongfully" executed the arrest warrant and subsequent arrest of the plaintiff, the defendants knew or should have known that the arrest warrant would cause injury to the plaintiff. This, the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1997 WL 729102 (Conn.Super.)  
**(Cite as: 1997 WL 729102 (Conn.Super.))**

Page 9

plaintiff alleges, amounted to extreme and outrageous conduct. Finally, the plaintiff alleges that he suffered severe emotional distress as a result of the injury to his reputation, credit, social and mercantile standing.

In support of their motion to strike count nine of the amended complaint, the defendants assert that the plaintiff failed to plead (1) that the defendants intended to inflict emotional distress or that the defendants knew or should have known that their actions would likely result in emotional distress, (2) that the defendants' conduct was extreme and outrageous, and (3) that the emotional distress sustained by the plaintiff was severe.

The court grants the defendants' motion to strike count nine of the plaintiff's amended complaint on the ground that the amended complaint fails to allege that the defendants intended to inflict emotional distress, or that they knew or should have known emotional distress would result, and that it fails to allege extreme and outrageous conduct required to maintain a claim for intentional infliction of emotional distress. Even when viewed in the light most favorable to the plaintiff, the facts alleged in count nine of the amended complaint do not support a cause of action for intentional infliction of emotional distress. See *Petyan v. Ellis, supra,* 200 Conn. 253; *DeLaurentis v. New Haven, supra,* 220 Conn. 266-67.

VI. DEFAMATION

A defamation action is based upon "an unprivileged publication of a false and defamatory statement." *Strada v. Connecticut Newspapers, Inc.,* 193 Conn. 313, 316, 477 A.2d 1005 (1984). "Defamation is made up of the twin torts of libel and slander ... the one being, in general, written while the other in general is oral." *Meehan v. Yale New Haven Hospital, supra,* 16 CONN. L. R PTR. 442; see also *Miles v. Perry,* 11 Conn.App. 584, 610 n. 11, 529 A.2d 199 (1987) (holding that "[l]ibel is defamation of character usually consisting of the printed word. Slander, on the other hand, is an oral defamation of character."); *Charles Parker Co. v. Silver City Crystal Co.,* 142 Conn. 605, 610, 116 A.2d 440 (1955) (explaining that "[a] distinction between defamatory words spoken and defamatory words printed and published has prevailed for many years").

**\*11** A defamatory or libelous statement is a "false statement that tends either to harm the reputation of another by lowering him in estimation of the community or to deter others from dealing or associating with him." *Murray v. Schlosser,* 41 Conn.Supp. 362, 364, 574 A.2d 1339, 1 CONN. L. RPTR. 513 (1990). See also *Weinberg v. Pollock,* Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 027773 (June 19, 1991) (Fuller, J.) (4 CONN. L. RPTR. 628, 6 CSCR 664, 665) (defining libel as "a false and malicious publication of a person which exposes him to public ridicule, hatred or contempt or hinders virtuous men from associating with him"). (Internal quotation marks omitted.)

"Libel is actionable per se if it charges improper conduct or lack of skill or integrity in one's profession or business and is of such a nature that it is calculated to cause injury to one in his profession or business." *Charles Parker Co. v. Silver City Crystal Co., supra,* 142 Conn. 613. "When a libel is expressed in clear and unambiguous terms, the question whether it is libelous per se is one of law for the court ... Likewise, if the alleged defamatory words could not reasonably be considered defamatory in any sense, the matter becomes an issue of law for the court." (Citations omitted.) *Id.,* 612; see also *Zupnik v. Day Publishing Co.,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549864 (March 8, 1996) (Hennessey, J.).

In the case at hand, the plaintiff alleges that the insertion of the statement "the witness said they would testify" into the affidavit constitutes defamation. The plaintiff claims that the defendants "clearly knew the defamatory statements contained in the application for [the] arrest warrant of the [p]laintiff were false" (p. 9) and that the above captioned words by inference could be considered defamatory.

The defendants argue in support of their motion to strike that the alleged defamatory statement could not be construed to be defamatory in any sense and therefore, the matter is an issue of law for the court.

In the court's opinion the statement "the witness

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit J

said they would testify" could not in any sense be construed to be defamatory and because the court may decide this issue as a matter of law, the court grants the defendants' motion to strike count ten of the plaintiff's amended complaint.

CONCLUSION

For the foregoing reasons, the court grants the defendants, motion to strike counts seven, eight, nine, ten and eleven of the plaintiff's amended complaint.

1997 WL 729102 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit J