UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH R. BRANCIFORTE | : | NO.: 3:02CV928 (AVC) |
| v. | : | |
| TOWN OF MIDDLETOWN, ET AL | : | JANUARY 13, 2005 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendants respectfully submit the following statement of undisputed material facts in support of their Motion for Summary Judgment:

1. On March 1, 2001, at approximately 1:21 a.m., Officer Derek Puorro and Officer Michael Kerkes were monitoring traffic on Main Street in the area of Liberty Street, in Middletown, Connecticut. (See Middletown Police Department Supplementary Incident Report (hereinafter referred to as "Supplementary Report"), attached hereto as **Exhibit A**.)

2. At said date and time, Officers Puorro and Kerkes observed the plaintiff, Joseph Branciforte, traveling southbound on Main Street and turn right onto Liberty Street without engaging his turn signal. (See Supplementary Report, **Exhibit A**.)

3. The plaintiff did, in fact, proceed to take a right-hand turn without engaging his right turn signal. (See Deposition Transcript of Joseph Branciforte dated November 12, 2004, attached hereto as **Exhibit B**, at pp.25, 27.)

4. The plaintiff was aware that a police vehicle was parked near the intersection at which he took the right-hand turn without engaging his turn signal at the time that he did so. (See Branciforte Deposition, **Exhibit B**, at pp.26-27.)

5. Officers Puorro and Kerkes followed the plaintiff, ultimately stopping his vehicle in the area of 79 Prospect Street. (See Supplementary Report, **Exhibit A**.)

6. The plaintiff was aware that the police began to follow his vehicle after taking his turn, at which time both he and his passenger, Pamela Warzecha, became nervous. (See Branciforte Deposition, **Exhibit B**, at pp.28-30.)

7. The plaintiff's passenger then advised the plaintiff to take various random turns in an attempt to lose the police, which the plaintiff complied with. (See Branciforte Deposition, **Exhibit B**, at pp.30-31.)

8. Officer Puorro approached the vehicle and spoke with the plaintiff at which time he observed that the plaintiff emitted an odor of an alcoholic beverage from his breath, the plaintiff's eyes appeared glassy and bloodshot, his speech was slurred, and his movements were slow and uncoordinated. (See Supplementary Report, **Exhibit A**.)

9.     Upon approaching the vehicle, Officer Puorro asked the plaintiff whether he was aware that he took a turn without engaging his turn signal to which the plaintiff responded in the affirmative.  (See Branciforte Deposition, **Exhibit B**, at pp.32-34.)

10.     Officer Puorro further inquired of the plaintiff what he had been doing that evening, at which time the plaintiff advised him that he had been to a couple of bars and had a couple of beers.  (See Branciforte Deposition, **Exhibit B**, at p.40.)

11.     The plaintiff had been out drinking prior to being stopped by the defendants.  Specifically, the plaintiff had consumed at least three beers while at the Ultimate Café, an additional two beers while at Franco's Restaurant & Bar, and one beer while at Chap's.  (See Branciforte Deposition, **Exhibit B**, at pp.17-23.)

12.     The plaintiff was ultimately asked to submit to a field sobriety test, which he voluntarily agreed to perform.  (See Supplementary Report, **Exhibit A**.)

13.     The plaintiff was asked to complete a reverse counting test, which he successfully completed.  (See Supplementary Report, **Exhibit A**; Officer's DUI Arrest and Alcohol Test Report (hereinafter referred to as "Alcohol Test Report"), attached as **Exhibit C**.)

14.     The plaintiff does not recall what his performance or the results of the reverse counting test were.  (See Branciforte Deposition, **Exhibit B**, at p.49.)

15.     The plaintiff was next asked to perform the split alphabet test by reciting the alphabet beginning with the letter D and ending with the letter O, which he failed as

a result of starting with the letter D and continuing through the letter Z.  (See Supplementary Report, **Exhibit A**; Alcohol Test Report, **Exhibit C**.)

16. The plaintiff does not recall what his performance or the results of the split alphabet test were.  (See Branciforte Deposition, **Exhibit B**, at p.49.)

17. The plaintiff was next asked to perform the Horizontal Gaze Nystagmus test, which he failed as a result of demonstrating a lack of smooth pursuit in each eye.  (See Supplementary Report, **Exhibit A**; Alcohol Test Report, **Exhibit C**.)

18. The plaintiff recalls that he had difficulty performing the Horizontal Gaze Nystagmus test due to a bruised eye.  (See Branciforte Deposition, **Exhibit B**, at p.45.)

19. The plaintiff was next asked to perform the walk and turn test, which he failed as a result of losing his balance during the instructional phase of the test, started too soon, raised his arms, did not walk heel-to-toe, took an incorrect number of steps, repeatedly stepped off the line, stooped to steady himself, and turned incorrectly.  (See Supplementary Report, **Exhibit A**; Alcohol Test Report, **Exhibit C**.)

20. The plaintiff recalls that he did not pass the walk and turn test as he lost his balance and stepped off the line.  (See Branciforte Deposition, **Exhibit B**, at pp.50-51.)

21. The plaintiff was next asked to perform the one-leg stand test, which he failed as a result of swaying while balancing, raised his arms while struggling to

maintain his balance, bent his knees, and put his foot down at the count of 2, 3, and 4, at which time the test was terminated. (See Supplementary Report, **Exhibit A**; Alcohol Test Report, **Exhibit C**.)

22.  The plaintiff recalls that he failed the one-leg stand test as he could not keep his leg up for the time required. (See Branciforte Deposition, **Exhibit B**, at p.48.)

23.  The plaintiff was then arrested and taken into custody for driving under the influence in violation of Conn. Gen. Stat. §14-227a, and transported to the Middletown Police Department for processing. (See Supplementary Report, **Exhibit A**; Complaint dated May 31, 2002, at ¶28; Branciforte Deposition, **Exhibit B**, at p.53.)

24.  The plaintiff was processed upon arrival at the Police Department, at which time he was advised of his constitutional rights and asked to submit to a chemical analysis of his breath to which he agreed. (See Supplementary Report, **Exhibit A**.)

25.  Two breath tests were administered, the first of which showed an elevated BAC of .019, and the second of which showed an elevated BAC of .012. (See Supplementary Report, **Exhibit A**.)

26.  The plaintiff was ultimately released on a $500 non-surety bond. (See Supplementary Report, **Exhibit A**.)

27. The basis of the plaintiff's defamation and libel claim is the fact that the charges against him were made public and published in the local newspaper. (See Branciforte Deposition, **Exhibit B**, at pp.59-60.)

28. The sole basis for the plaintiff's claim that the City of Middletown had a policy or custom of not properly supervising or training its police officers is the fact that he was charged with driving under the influence rather than with a lesser charge. (See Branciforte Deposition, **Exhibit B**, at pp.60-61.)

29. The plaintiff has no basis for his claim that the officers were not properly trained other than his belief as to the same. (See Branciforte Deposition, **Exhibit B**, at pp.61-62.)

30. The sole basis for the plaintiff's claim that the City of Middletown had a policy and custom of not reviewing driving under the influence charges is the fact that he was charged with the same despite the results of his chemical breath tests. (See Branciforte Deposition, **Exhibit B**, at pp.62-63.)

31. The sole basis for the plaintiff's claim that the City of Middletown had a policy or custom of charging persons with a DUI offense when such a charge was not warranted is the fact that he was charged with a DUI offense. (See Branciforte Deposition, **Exhibit B**, at pp.63.)

32.	The plaintiff cannot identify any specific manner in which the charges against him have affected his reputation or business.  (See Branciforte Deposition, **Exhibit B**, at p.69.)

33.	The plaintiff merely speculates that the charges against him could have affected his business beyond the twenty-four hour period following his arrest, although he cannot identify any customers or contracts he lost because of the arrest and charges against him.  (See Branciforte Deposition, **Exhibit B**, at pp.69-70.)

>	DEFENDANTS,
>	TOWN OF MIDDLETOWN, DAVID VISCONTI, in his official and individual capacity, DEREK PUORRO, in his individual capacity and MICHAEL KERKES, in his individual capacity
>
>	By____/s/_Beatrice S. Jordan_ _ _
>	  Beatrice S. Jordan
>	  ct22001
>	  Howd & Ludorf, LLC
>	  65 Wethersfield Avenue
>	  Hartford, CT  06114
>	  (860) 249-1361
>	  (860) 249-7665 (Fax)
>	  E-Mail:  bjordan@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 13th day of January, 2005.

Rachel M. Baird, Esquire
Law Office of Rachel M. Baird
Stonegate Professional Building
379 Prospect Street
Torrington, CT  06790-5239

Trina Solecki, Esquire
City Attorney
City Hall
245 DeKoven Drive
P.O. Box 1300
Middletown, CT  06457

                                                                    /s/  Beatrice S. Jordan
                                                          Beatrice S. Jordan