### DISTRICT OF CONNECTICUT

JOSEPH R. BRANCIFORTE,      :
  Plaintiff,             :
                             :
v.                          :      Civil No. 3:02CV928(AVC)
                             :
TOWN OF MIDDLETOWN, ET Al., :
  Defendants.            :

### RULING ON MOTION FOR WAIVER OF SECURITY FOR COSTS

This is an action for damages brought pursuant 42 U.S.C. § 1983 and common law tenets concerning false arrest, malicious prosecution, libel, defamation, negligent infliction of emotional distress, and intentional infliction of emotional distress. It arises out of Middletown police officers' arrest of the plaintiff for driving under the influence.

The plaintiff filed the within motion (document no.40) pursuant to D. Conn. L. Civ. R. 83.3(b) for a waiver or modification of the clerk's order granting the defendant's motion for security for costs.  Specifically, the plaintiff argues that the court should "waive the $500.00 in full or to the extent deemed appropriate by the Court" or delay the payment of the $500.00 "for a period of time."

For the reasons set forth below, the motion (document no.40) is GRANTED in part and DENIED in part.  The motion is DENIED to the extent that it seeks a complete waiver of the security.  The motion is GRANTED to the extent that it seeks an order delaying the deadline for the plaintiff's payment of the security.

**FACTS**

On May 31, 2002, the plaintiff filed the complaint in this action.  Between August 2002 and January 2004, the court granted multiple motions by the defendants to stay the case.  The defendants requested the stays pending resolution of issues concerning their insurance coverage.  On January 28, 2004, the last stay expired.

On December 7, 2004, approximately two and one-half years after the commencement of this action, the defendants filed a "motion for bond" pursuant to D. Conn. L. Civ. R. 83.3(a)(document no.36).  Specifically, the defendants "move[d] for an order that the plaintiff, Joseph R. Branciforte, give a cash deposit or bond with sufficient surety in the sum of $500.00, within thirty (30) days from the entry of such order."

On December 14, 2004, one week later, the clerk entered an order (document no.38) directing the plaintiff to "file a bond as security for costs in this action within thirty (30) days from this date."  On January 10, 2005, twenty-seven days later, the plaintiff filed the within motion to waive or modify the clerk's security order.  The defendants have not filed a response.

## DISCUSSION

Local Rule 83.3(a) provides, in part, that "[a]ny time after the commencement of an action, the defendants . . . are entitled to request . . .[that] an order be entered by the Clerk, as of course, for a cash deposit or bond . . ." D. Conn. L. Civ. R. 83.3(a).  Local Rule 83.3(b), however, provides that if a party shows "good cause," then a court "may modify or waive the requirements" of a cash deposit or bond. D. Conn. L. Civ. R. 83.3(b).

The plaintiff argues that the court should either "waive the $500.00 in full or to the extent deemed appropriate" or delay the security payment "for a period of time."  The plaintiff argues that "posting the $500.00 would present a hardship" to him. Specifically, the plaintiff argues that he "is a sole proprietor of a used appliance" business and "the winter is a slower period for the used appliance business, a large portion of which relies on the need for air conditioners in the summer."

The plaintiff also argues "principles of equity" weigh in favor of granting the within motion.  Specifically, the plaintiff argues that because the court stayed the case for "the [d]efendants[] who were without funds to defend for a period of time," the court should therefore consider the plaintiff's financial hardship with regard to the security.  The defendants do not respond to either of the plaintiff's arguments.

The court concludes that the plaintiff has made a showing of good cause for the court to give the plaintiff extra time to file the cash deposit or bond.  The plaintiff shall have to and including August 1, 2005 to file the security.  The clerk shall modify the order (document no. 38) granting the defendants' motion for bond accordingly.

The motion (document no.40) is GRANTED to the extent that it seeks a modification of the deadline for filing the security. The motion is DENIED to the extent that it seeks a complete waiver of the security.

It is so ordered this 14th day of April, 2005 at Hartford, Connecticut.

```
_____/s/_____
Alfred V. Covello
United States District Judge
```