UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH R. BRANCIFORTE, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:02-cv-928(AVC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF MIDDLETOWN, | : | |
| POLICE SERGEANT DAVID VISCONTI, | : | |
| SUPERVISOR, MIDDLETOWN POLICE | : | |
| DEPARTMENT, in his official and individual | : | |
| capacities, POLICE OFFICER DEREK PUORRO, | : | |
| in his official and individual capacities, and | : | |
| POLICE OFFICER MICHAEL KERKES, in his | : | |
| official and individual capacities, | : | |
| | : | |
| Defendants. | : | JUNE 20, 2005 |

**PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT**

Plaintiff Joseph R. Branciforte hereby submits, pursuant to Local Rule 56(a), a Local Rule 56(a)2 Statement, to accompany Plaintiff's Memorandum of Law in Opposition to the Motion for Summary Judgment filed by Defendant Town of Middletown and Defendants Derek Puorro, Michael Kerkes, and David Visconti in their individual and official capacities against all counts of the Complaint.[1]

---

[1] The Complaint alleges:

- In <u>Counts</u> <u>One</u> and <u>Seven</u>:  Violation of Plaintiff's civil right to be free from unlawful seizure and arrest pursuant to the United States Constitution against all individual Defendants and the Town of Middletown, respectively.  42 U.S.C. § 1983.
- In <u>Count</u> <u>Two</u>:  False Arrest against individual Defendants Derek Puorro and Michael Kerkes.
- In <u>Count</u> <u>Three</u>:  Malicious Prosecution against all individual Defendants.
- In <u>Counts</u> <u>Four</u> and <u>Eight</u>: Libel and Defamation against all individual Defendants and Town of Middletown, respectively.
- In <u>Count</u> <u>Five</u>:  Intentional Infliction of Emotional Distress against all individual Defendants.
- In <u>Count</u> <u>Six</u>:  Negligent Infliction of Emotional Distress against all individual Defendants.

In accordance with the stringent standards set forth in Connecticut courts for extreme and outrageous conduct required by an intentional infliction of emotional distress claim, Plaintiff does not oppose Defendants' motion for summary judgment against this claim at <u>Count</u> <u>Five</u>.

## CONTENTS OF STATEMENT

I.   Responses[2] to Defendants' Local Rule 56(a)1 Statement

II.  Disputed Issues of Material Fact

III. Affidavits and Exhibits

    Affidavit of Joseph R. Branciforte

    Affidavit of Rachel M. Baird

    Affidavit of Cliffton T. Baird

### Exhibits 1 – 9 To Local Rule 56(a)2 Statement

| | |
|---|---|
| Ex. 1 | Hearing Transcript, State v. Joseph Branciforte, March 15, 2001 |
| Ex. 2 | Notice of Civil Rights Infringement and Intent to Sue, August 31, 2001 |
| Ex. 3 | Area Map of Liberty Street and Prospect Street, Middletown, Connecticut |
| Ex. 4 | Original Information, March 15, 2001 |
| Ex. 5 | Officer's DUI Arrest and Alcohol Test Report ("Form A-44"), Case No. 01-5548 |
| Ex. 6 | Middletown Police Department DWI Arrest Flow Chart |
| Ex. 7 | Defs.' Interrogs. Res. Nos. 1-4, 6, 9-10 |
| Ex. 8 | March 2, 2001, *The Middletown Press* Police Blotter |
| Ex. 9 | Castillo v. City of Hobbs, Civ. No. 00-1417 JP/LCE-ACE (D. N.M. 2001) |

I.   **RESPONSES TO DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT**

    1.   "On March 1, 2001, at approximately 1:21 a.m., Officer Derek Puorro and Officer Michael Kerkes were monitoring traffic on Main Street in the area of Liberty Street, in Middletown, Connecticut.  (See Middletown Police Department Supplementary Incident Report (hereinafter referred to as "Supplementary Report"), attached hereto as **Exhibit A.**)"

    **Admit.**

---

[2] Defendants' Local Rule 56(a)1 Statements are enclosed by quotation marks and Plaintiff's responses appear in bold type with clarification underlined.

2. "At said date and time, Officers Puorro and Kerkes observed the plaintiff, Joseph Branciforte, traveling southbound on Main Street and turn right onto Liberty Street without engaging his turn signal. (See Supplementary Report, **Exhibit A.**)"

**Admit.**

3. "The plaintiff did, in fact, proceed to take a right-hand turn without engaging his right turn signal. (See Deposition Transcript of Joseph Branciforte dated November 12, 2004, attached hereto as **Exhibit B,** at pp.25, 27.)"

**Admit.**

4. "The plaintiff was aware that a police vehicle was parked near the intersection at which he took the right-hand turn without engaging his turn signal at the time that he did so. (See Branciforte Deposition, **Exhibit B,** at pp.26-27.)"

**Admit.**

5. "Officers Puorro and Kerkes followed the plaintiff, ultimately stopping his vehicle in the area of 79 Prospect Street. (See Supplementary Report, **Exhibit A.**)"

**Admit.**

6. "The plaintiff was aware that the police began to follow his vehicle after taking his turn, at which time both he and his passenger, Pamela Warzecha, became nervous. (See Branciforte Deposition, **Exhibit B,** at pp. 28-30.)"

**Deny with clarification. Plaintiff denies that he was nervous but admits that passenger Pam Warzecha indicated to Plaintiff that she was nervous.[3] (Affidavit of Joseph R. Branciforte (hereinafter, "Pl.'s Aff.") ¶ 8)**

---

[3] Plaintiff did not testify at his deposition that he was nervous. (Pl.'s Dep. Tr., Mem., Ex. B at 28-30)

3

7. "The plaintiff's passenger then advised the plaintiff to take various random turns in an attempt to lose the police, which the plaintiff complied with. (See Branciforte Deposition, **Exhibit B,** at pp.30-31)"

**Admit.**

8. "Officer Puorro approached the vehicle and spoke with the plaintiff at which time he observed that the plaintiff emitted an odor of an alcoholic beverage from his breath, the plaintiff's eyes appeared glassy and bloodshot, his speech was slurred, and his movements were slow and uncoordinated. (See Supplementary Report, **Exhibit A.**)"

**Deny.** **(Pl.'s Aff. ¶ 19)**

9. "Upon approaching the vehicle, Officer Puorro asked the plaintiff whether he was aware that he took a turn without engaging his turn signal to which the plaintiff responded in the affirmative. (See Branciforte Deposition, **Exhibit B,** at pp.32-34.)"

**Admit.**

10. "Officer Puorro further inquired of the plaintiff what he had been doing that evening, at which time the plaintiff advised him that he had been to a couple of bars and had a couple of beers. (See Branciforte Deposition, **Exhibit B,** at p.40.)"

**Deny.** **Plaintiff "told him [Officer Puorro] we [Plaintiff and Pam Warzecha] were at a couple bars, we [Plaintiff and Pam Warzecha] had a couple beers." (Pl.'s Dep. Tr., Defs.' Mem. of Law in Supp. of Summ. J. (hereinafter, "Mem."), Ex. B at 40)**

11. "The plaintiff had been out drinking prior to being stopped by the defendants. Specifically, the plaintiff had consumed at least three beers while at the Ultimate Café, an additional two beers while at Franco's Restaurant & Bar, and one Beer while at Chap's. (See Branciforte Deposition, **Exhibit B,** at pp.17-23.)"

4

**Admit with clarification.  The entity known as "Chap's" is the same entity known as "Ultimate Cafe."  (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 22)  Plaintiff had one beer at "John Michael's" not at Chap's.  (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 22)**

12. "The plaintiff was ultimately asked to submit to a field sobriety test, which he voluntarily agreed to perform.  (See Supplementary Report, **Exhibit A.**)"

**Admit with clarification.  Plaintiff was asked to submit to five field sobriety tests.  (Form A-44, Ex. 5)**

13. "The plaintiff was asked to complete a reverse counting test, which he successfully completed.  (See Supplementary Report, **Exhibit A;** Officer's DUI Arrest and Alcohol Test Report (hereafter referred to as "Alcohol Test Report", attached as **Exhibit C.**)"

**Admit.**

14. "The plaintiff does not recall what his performance or the results of the Reverse counting test were." (See Branciforte Deposition, **Exhibit B,** at p.49.)

**Admit and Deny.  Plaintiff does recall performing the test but does not recall his results.  (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 48-49)**

15. "The plaintiff was next asked to perform the split alphabet test by reciting the alphabet beginning with the letter D and ending with the letter O, which he failed as a result of starting with the letter D and continuing through the letter Z.  (See Supplementary Report, **Exhibit A;** Alcohol Test Report, **Exhibit C.**)"

**Deny with clarification.  Plaintiff admits that Exhibits A and C to Defendants' Memorandum record the information recited above but disputes the credibility of the recorded observations.[4]  (Pl.'s Aff.  ¶¶ 13, 15, 19)**

---

[4] For example, as regards the accuracy of the Officer Puorro's entries, Officer Puorro states in his Supplementary Report that Plaintiff was scheduled to appear "at G.A. 9 on 3/15/00" however the scheduled and actual court date

5

16. "The plaintiff does not recall what his performance or the results of the Split alphabet test were. (See Branciforte Deposition **Exhibit B**, at p. 49)"

**Admit and Deny.  Plaintiff does recall performing an "alphabet" test but does not recall his results.  (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 49)**

17. "The plaintiff was next asked to perform the Horizontal Gaze Nystagmus test, which he failed as a result of demonstrating a lack of smooth pursuit in each eye. (See Supplementary Report, **Exhibit A;** Alcohol Test Report, **Exhibit C.**)"

**Deny with clarification.  Plaintiff admits that Exhibits A and C to Defendants' Memorandum record the information recited above but disputes the credibility of the recorded observations.[5]  (Pl.'s Aff. ¶¶ 14-15)**

18. "The plaintiff recalls that he had difficulty performing the Horizontal Gaze Nystagmus test due to a bruised eye.  (See Branciforte Deposition, **Exhibit B,** at p.45.)"

**Admit.**

19. "The plaintiff was next asked to perform the walk and turn test, which he failed as a result of losing his balance during the instructional phase of the test, started too soon, raised his arms, did not walk heel-to-toe, took an incorrect number of steps, repeatedly stepped off the line, stooped to steady himself, and turned incorrectly.  (See Supplementary Report, **Exhibit A;** Alcohol Test Report, **Exhibit C.**)"

**Deny with clarification.  Plaintiff admits that Exhibits A and C to Defendants' Memorandum record the information recited above but disputes the credibility of the**

---

was March 15, 2001, following the March 1, 2001, arrest.  (MPD SR, Defs.' Mem., Ex. 1 at 2)  (Hr'g Tr., Ex. 1 at 1)
[5] See n.4, *supra*.

recorded observations.[6]  (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 45, 48) (Pl.'s Aff. ¶¶ 13-14, 16-17)

20. "The plaintiff recalls that he did not pass the walk and turn test as he lost his balance and stepped off the line.  (See Branciforte Deposition, **Exhibit B,** at pp50-52.)"

**Admit with clarification.  Plaintiff testified that he did not "pass" the test because he was "probably tired from that assault two days ago."  (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 50-51)**

21. "The plaintiff was next asked to perform the one-leg stand test, which he failed as a result of swaying while balancing, raised his arms while struggling to maintain his balance, bent his knees, and put his foot down at the count of 2, 3, and 4, at which time the test was terminated.  (See Supplementary Report, **Exhibit A;** Alcohol Test Report, **Exhibit C.**)"

**Deny with clarification.  Plaintiff admits that Exhibits A and C to Defendants' Memorandum record the information recited above but disputes the credibility of the recorded observations.[7]  (Pl.'s Aff. ¶ 13-15, 17-18)**

22. "The plaintiff recalls that he failed the one-leg stand test as he could not keep his leg up for the time required.  (See Branciforte Deposition, **Exhibit B,** at p.48.)"

**Admit with clarification.  Plaintiff testified that he "failed" the test "probably because [he] was tired." (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 48)**

23. "The plaintiff was then arrested and taken into custody for driving under the influence in violation of Conn. Gen. Stat. § 14-227a, and transported to the Middletown Police Department for processing.  (See Supplementary Report, **Exhibit A;** Complaint dated May 31, 2002, at ¶28; Branciforte Deposition, **Exhibit B,** at p.53.)"

---

[6] See n.4, *supra*.
[7] See n.4, *supra*.

**Admit.**

24. "The plaintiff was processed upon arrival at the Police Department, at which time he was advised of his constitutional rights and asked to submit to a chemical analysis of his breath to which he agreed. (See Supplementary Report, **Exhibit A.**)"

**Admit.**

25. "Two breath tests were administered, the first of which showed an elevated BAC of .019, and the second of which showed an elevated BAC of .012. (See Supplementary Report, **Exhibit A.**)"

**Deny. At the time of his arrest on March 1, 2001, an "elevated blood alcohol content" was defined by General Statutes §14-227a(a) as "a ratio of alcohol in the blood of such person that is ten-hundredths of one percent of alcohol or more of alcohol, by weight." Public Act 02-1 amended General Statutes § 14-227a(a) to define "elevated blood alcohol content" as "a ratio of alcohol in the blood of such person that is eight -hundredths of one percent of alcohol or more of alcohol, by weight."[8] Conn. Gen. Stat. § 14-227a(a).**

26. "The plaintiff was ultimately released on a $500 non-surety bond. (See Supplementary Report, **Exhibit A.**)"

**Admit.**

27. "The basis of the plaintiff's defamation and libel claim is the fact that the charges against him were made public and published in the local newspaper. (See Branciforte Deposition, **Exhibit B,** at pp.59-60.)"

**Admit with clarification. In addition Plaintiff contends that the mandatory requirement that the Town of Middletown provide records of arrests pursuant to the state**

---

[8] Off. Puorro commits the same error in his Supplementary Report when he states: "The first test result showed an elevated BAC of .019. The second test result showed and elevated BAC of .012."

8

**Freedom of Information Act (FOIA), Conn. Gen. Stat. § 1-210 et seq., divests the Defendants who acted without reasonable suspicion and probable cause of governmental immunity.**

28. "The sole basis for the plaintiff's claim that the City of Middletown had a policy or custom of not properly supervising or training its police officers is the fact that he was charged with driving under the influence rather than with a lesser charge. (See Branciforte Deposition, **Exhibit B,** at pp.60-61.)"

29. **Deny.  Defendant Town of Middletown had a policy and custom of applying the notice provision of General Statutes § 14-227a(f) that proscribed the charging decisions and discretion of its police officers and prevented them from considering all the gathered evidence in an operating under the influence case.  Conn. Gen. Stat. § 14-227(f)  (Defs.' Mem. at 14)  (Flow Chart, Ex. 6)**

30. "The plaintiff has no basis for his claim that the officers were not properly trained other than his belief as to the same. (See Branciforte Deposition, **Exhibit B,** at pp.61-62.)"

**Deny.  See response to No. 29, above.**

31. "The sole basis for the plaintiff's claim that the City of Middletown had a policy and custom of not reviewing driving under the influence charges is the fact that he was charged with the same despite the results of his chemical breath tests. (See Branciforte Deposition, **Exhibit B,** at pp.62-63.)"

**Deny.  See response to No. 29, above.  See inconsistencies between Form A-44 and Supplementary Report prepared by Off. Puorro and notarized by Sgt. Visconti as detailed in Plaintiff's Memorandum of law in Opposition to Motion for Summary Judgment at**

9

**pages 17-18 . (A-44, Ex. 4) (Middletown Police Department Supplementary Report, MPD SR, Defs.' Mem., Ex. 1)**

 32. "The sole basis for the plaintiff's claim that the City of Middletown had a policy or custom of charging persons with a DUI offense when such a charge was not warranted is the fact that he was charged with a DUI offense. (See Branciforte Deposition, **Exhibit B,** at pp.63.)"

 **Deny.** **See response to No. 31, above. (Defs. Interrog. Res. Nos. 1-4, 6, Ex. 7) (Form A-44, Ex. 5 at 2) (Original Information, Ex. 4) (Defs.' Mem. at 14) Conn. Gen . Stat. § 14-227a(f).**

 33. "The plaintiff cannot identify any specific manner in which the charges against him have affected his reputation or business." (See Branciforte Deposition, **Exhibit B**, at p.69.)"

 **Deny. (Pl.'s Aff. ¶¶ 30, 32)**

 34. "The plaintiff merely speculates that the charges against him could have affected his business beyond the twenty-four hour period following his arrest, although he cannot identify any customers or contracts he lost because of the arrest and charges against him. (See Branciforte Deposition, **Exhibit B**, at pp.69-70.)"

 **Deny. (Pl.'s Aff. ¶¶ 30, 32)**

**II. PLAINTIFF'S DISPUTED ISSUES OF MATERIAL FACT**

 1. The prosecutor entered a nolle in the matter of State of Connecticut v. Joseph Branciforte because, as the prosecutor held explicit, the Plaintiff's BAC test results were not elevated, as required under General Statutes § 14-227a(a)(2), and, as the prosecutor's actions implied, there was no probable cause for the arrest to proceed under General Statutes § 14-227a(a)(1). Conn. Gen. Stat. § 14-227a(a)(1) and (2), 14-227a(f) (March 15, 2001, Hr'g Tr., State v. Joseph Branciforte, Ex. 1 at 2) (Original Information, Ex. 4) (Pl.'s Aff. ¶ 31)

2.  The Defendants' failure to seek a warrant based on Defendant Derek Puorro ("Off. Puorro")'s field observations within thirteen (13) months following the nolle entered by the prosecutor on March 15, 2001, is an admission by Defendants that there was no probable cause for Off. Puorro's arrest of Plaintiff for operating under the influence (OUI). Conn. Gen. Stat. § 54-142a  (Defs.' Interrog. Res. Nos. 1-4, 6, Ex. 7)

3.  Defendant Town of Middletown's policy and custom of applying the notice provision of General Statutes § 14-227a(f) to proscribe the charging decisions and discretion of its police officers regarding operating under the influence investigations is not supported by the law. Conn. Gen. Stat. § 14-227(f)  (Defs.' Mem at 14)  (Flow Chart, Ex. 6)

4.  An arresting officer's discretion to charge or not charge a person with operating under the influence following an arrest for operating under the influence is not limited by our General Statutes. Conn. Gen. Stat. § 14-227a(f)

5.  An arresting officer is not a prosecuting authority. Conn. Gen. Stat. §§ 51-275 et seq.

6.   Off. Puorro's stop and detention of Plaintiff did not occur immediately after Plaintiff turned right from Main Street to Liberty Street. (Affidavit of Cliffton T. Baird (hereinafter, "CTB Aff.") ¶¶ 2, 4-6) (MPD SR, Defs.' Mem., Ex. A at 1)  (Area Map, Ex. 3) (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 28-31) Conn. Gen. Stat. § 54-1f.

7.  Off. Puorro did not stop Plaintiff for failing to use a right turn signal at Main and Liberty Streets. (CTB Aff. ¶¶ 2, 4-6) (MPD SR, Defs.' Mem., Ex. A at 1)  (Area Map, Ex. 3) (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 28-31) Conn. Gen. Stat. § 54-1f.

8.Plaintiff's rear marker license plate on his Jeep was illuminated while Off. Puorro followed Plaintiff for at least six-tenths of a mile through narrow, residential streets at approximately 1 A.M. in the morning.  (Pl.'s Aff. ¶¶ 7, 9-12)

9.Off. Puorro did not stop Plaintiff for failing to illuminate the Jeep's rear marker plate.  (Pl.'s Aff. ¶¶ 7, 9-12)  (CTB Aff. ¶¶ 2, 4-6)  (MPD SR, Defs.' Mem., Ex. A at 1)  (Area Map, Ex. 3)  (Pl.'s Dep. Tr., Defs.' Mem., Ex. B at 28-31)

10.Off. Puorro's stop of Plaintiff's Jeep at 79 Prospect Street was not based on a reasonable or objective belief that Plaintiff's rear marker plate was not illuminated in accordance with law.  (Pl.'s Aff. ¶ 31)  (March 15, 2001, Hr'g Tr., Ex. 1 at 2)

11.Off. Puorro stopped Plaintiff for making successive lawful turns on various streets in the area of Liberty Street on March 1, 2001, at approximately 1 A.M. in the morning.  (Pl.'s Aff. ¶¶ 5, 7)

12.Plaintiff was not driving erratically prior to being stopped by Off. Puorro.  (Pl.'s Aff. ¶ 5)

13.Plaintiff was not nervous when Off. Puorro was following his Jeep.  (Pl.'s Aff. ¶ 8)

14.The tail lights on Plaintiff's Jeep were operating on March 1, 2001, when Off. Puorro stopped Plaintiff and were not "burned out."  (Pl.'s Aff. ¶ 11)

15.Plaintiff was not unsteady when he got out of his Jeep to perform the field sobriety tests for Off. Puorro.  (Pl.'s Aff. ¶ 18)

16.Plaintiff did not emit an odor of an alcoholic beverage from his breath, his eyes were not glassy and bloodshot, his speech was not slurred, and his movements were not uncoordinated when he got out of the Jeep.  (Pl.'s Aff. ¶ 19)

12

17. Plaintiff's passenger, Pamela Warzecha, had consumed more alcohol than Plaintiff and there was an odor of alcohol in the Jeep from Ms. Warzecha. (Pl.'s Aff. ¶ 20)

18. Off. Puorro asked Plaintiff not to sue him after Off. Puorro looked at the results of Plaintiff's breath test. (Pl.'s Aff. ¶ 25)

19. Plaintiff did not feel intoxicated or under the influence of alcohol when he performed the field sobriety tests. (Pl.'s Aff. ¶¶ 13-17)

20. Plaintiff's appearance in court on March 15, 2001, negatively impacted him and his business because he was not able to be at the business which he owns and operates by himself. (Pl.'s Aff. ¶ 32)

          PLAINTIFF
          JOSEPH R. BRANCIFORTE


BY:   /s/ Rachel M. Baird_____
       Rachel M. Baird
       (ct12131)
       Law Office of Rachel M. Baird
       379 Prospect St
       Torrington CT 06790-5239
       Tel: (860) 626-9991
       Fax: (860) 626-9992
       E-mail: bairdlawoffice@aol.com


_____
Siddharth Fernandes
Legal Intern
Law Office of Rachel M. Baird
379 Prospect St
Torrington CT 06790-5239
Tel: (860) 626-9991
Fax: (860) 626-9992

**CERTIFICATION**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Local Rule 56(a)2 Statement, dated June 20, 2005, was mailed, first-class, postage paid on June 22, 2005, to counsel of record, as follows:

Beatrice S. Jordan, Esq.
Howd & Ludorf
65 Wethersfield Ave
Hartford CT 06114-1102

/s/ Rachel M. Baird  _____
Rachel M. Baird
Commissioner of the Superior Court