UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH R. BRANCIFORTE, :
:
    Plaintiff, : CASE NO. 3:02-cv-928(AVC)
:
v. :
:
TOWN OF MIDDLETOWN, :
POLICE SERGEANT DAVID VISCONTI, :
SUPERVISOR, MIDDLETOWN POLICE :
DEPARTMENT, in his official and individual :
capacities, POLICE OFF. DEREK PUORRO, :
in his official and individual capacities, and :
POLICE OFF. MICHAEL KERKES, in his :
official and individual capacities, :
:
    Defendants. : JUNE 6, 2005

## AFFIDAVIT OF JOSEPH R. BRANCIFORTE

1. I am over the age of eighteen, understand and believe in the obligation of an oath, and make this Affidavit upon personal knowledge unless stated otherwise.

2. At all times relevant to my Complaint, I was a resident of Cromwell, Connecticut, and sole proprietor of a business, Appliance Discounters, located in Middletown, Connecticut ("Middletown").

3. On or about March 1, 2001, in the early morning, I was driving my 1989 Jeep Wrangler ("Jeep") in Middletown.

4. While I was driving in Middletown during the early morning on March 1, 2001, I was stopped by Derek Puorro ("Officer Puorro"), whom I later learned was a police officer employed by the Middletown Police Department.

5. I was not driving erratically prior to being stopped by Officer Puorro on March 1, 2001.

6. I had failed to use my right turn signal when I made a right turn from Main Street onto Liberty Street because there was no traffic on the road at that time in the morning.

7. Officer Puorro was following me prior to the stop and I did not violate any traffic laws while he followed me.

8. Although my passenger Pamela Warzecha indicated to me on March 1, 2001, while we were followed by Officer Puorro and Michael Kerkes ("Officer Kerkes") that she was nervous, I was not nervous.

9. When Officer Puorro approached my Jeep he told me that I had made a right turn without using my signal and that my rear marker light for my license plate was "burned out."

10. My Jeep did not have a rear marker light for my license plate because the bottom of the tail light covering is transparent and illuminates the license plate.

11. The tail lights on my Jeep were operating at that time and not "burned out."

12. I was never stopped prior to March 1, 2001, or subsequent to March 1, 2001, for failure to illuminate the rear marker plate of my Jeep.

13. Officer Puorro asked me to perform field sobriety tests and I did not feel intoxicated or under the influence of alcohol when I performed the tests.

14. However, at the time of the traffic stop I had a black eye which affected my ability to focus on a pencil that Officer Puorro used during one of the field sobriety tests.

15. If I failed any of the field sobriety tests it was due to my eye injury, my leg injury, and the stressful effects of the assault I had suffered two days prior.

16. I had to perform the One-Leg Standing Test using my left leg, which Officer Puorro allowed me to do, because my right leg was injured

17. I am right handed and less coordinated when using my left side for balance and fine motor skills.

18. I was not unsteady when I got out of my Jeep to perform the field sobriety tests for Officer Puorro.

19. I did not emit an odor of an alcoholic beverage from my breath, my eyes were not glassy and bloodshot, my speech was not slurred, and my movements were not uncoordinated when I got out of the Jeep.

20. My passenger Pamela Warzecha had consumed more alcohol than me and there was an odor of alcohol in my Jeep from Ms. Warzecha.

21. At the police station, following two breath tests administered by Officer Kerkes, Officer Puorro asked me if I was on medication since the tests were not normal.

22. Officer Puorro never asked me if I would submit to a drug test and I would have if he had asked.

23. I was completely cooperative with the police officers.

24. I was not under the influence of drugs and had not used any drugs.

25. Officer Puorro asked me not to sue him after he looked at the results of my breath test.

26. When Officer Kerkes was on the phone with Defendant David Visconti, Officer Kerkes called me a "pain in the ass" simply because I did not have a ride home because they had impounded my Jeep.

27. My name, age, and home address appeared in the "Police Blotter" of a newspaper, *The Middletown Press*, with the charges of "driving under the influence of alcohol, operating a

motor vehicle without insurance, failure to use a turn signal, and failure to illuminate a rear plate."

28.     I affirm that Exhibit 8 to Plaintiff's Local Rule 56(a)2 Statement is a true and accurate copy of the newspaper article that appeared in *The Middletown Press* on or about March 2, 2001.

29.     The arrest and the newspaper article upset me and caused me emotional distress.

30.     I was concerned about my business and the impact that the arrest would have on my reputation in the community and among the people I know including my customers and relatives.

31.     On March 15, 2001, in the matter of State of Connecticut v. Joseph R. Branciforte, Docket No. M09M-MV01-0410898-S, when I appeared in Court without counsel, the prosecutor for the State of Connecticut dropped the case against me and did not ask me to admit that there had been probable cause for the arrest in exchange for the nolles.

32.     When I appeared in Court on March 15, 2001, that affected me and my business because I was not able to be at the store which I own and operate by myself.

JOSEPH R. BRANCIFORTE, being duly sworn, on oath, states that he is the Plaintiff herein; that he has read the foregoing Affidavit and knows the content thereof; that the same is true of his own knowledge, except as to the matter herein stated on information and belief and that as to these matters he believes the same to be true.

_____
Joseph R. Branciforte

Subscribed and sworn to before me on this 6th day of June, 2005, at Middletown, Connecticut.

_____
Rachel M. Baird
Commissioner of the Superior Court
State of Connecticut

## CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Affidavit of Joseph R. Branciforte, dated June 6, 2005, was mailed, first-class, postage paid on June 22, 2005, to counsel of record, as follows:

Beatrice S. Jordan, Esq.
Howd & Ludorf
65 Wethersfield Ave
Hartford CT 06114-1102

_____
Rachel M. Baird