```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JOSEPH R. BRANCIFORTE,              :
    Plaintiff,                      :
                                    :
v.                                  :    Civil No. 3:02CV928(AVC)
                                    :
TOWN OF MIDDLETOWN, POLICE          :
SERGEANT DAVID VISCONTI,            :
POLICE OFFICER DEREK PUORRO,        :
POLICE OFFICER MICHAEL              :
KERKES,                             :
    Defendants.                     :
```

## RULING ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is an action for damages arising out of Police Officers Derek Puorro and Michael Kerkes' stop and arrest of plaintiff Joseph R. Branciforte for driving under the influence, as well as the subsequent publication of the charge in a local newspaper. The eight count action is brought pursuant to 42 U.S.C. § 1983 and common law principles concerning defamation, and intentional and negligent infliction of emotional distress. Specifically, the complaint alleges:

- Counts One and Seven: Violation of plaintiff's civil right to be free from unlawful seizure and arrest against all individual defendants and the Town of Middletown, respectively.
- Count Two: False Arrest against Police Officers Derek Puorro and Michael Kerkes.
- Count Three: Malicious Prosecution against all individual defendants.
- Counts Four and Eight: Libel and Defamation against all individual defendants and the Town of Middletown.
- Count Five: Intentional Infliction of Emotional Distress against all individual defendants.

1

- <u>Count Six</u>: Negligent Infliction of Emotional Distress against all individual defendants.

The defendants have filed the within motion for summary judgment (document no. 41) with respect to all eight counts of the complaint.  They argue that because it was "objectively reasonable" for the individual defendants to believe that their actions did not violate the plaintiff's constitutional rights, they are protected from suit by qualified immunity and entitled to a judgment as a matter of law.  They further argue that their conduct was never such that any reasonable person could find it "extreme and outrageous."  Finally, the defendants argue that because the individual defendants are municipal employees, and their actions required the exercise of discretion, they are entitled to governmental immunity.

The plaintiff responds that summary judgement should not be granted because there is a genuine issue of fact as to the reasonableness of the defendants' actions.  He further responds that the individual defendants are not entitled to governmental immunity because their actions were ministerial rather than discretionary.

The issues presented are: (1) whether Branciforte has raised a genuine issue of fact as to the reasonableness of the defendants' actions; (2) whether a reasonable person could find the defendants' conduct "extreme and outrageous"; and (3) whether

the defendants are entitled to governmental immunity.

For the reasons stated below, the court concludes that (1) there is no genuine issue of fact as to the reasonableness of the defendants' actions; (2) no reasonable person could find the defendants' conduct "extreme and outrageous"; and (3) the defendants are entitled to governmental immunity.

Therefore, the defendants' motion for summary judgment (document no. 41) on all eight counts of the complaint is GRANTED.

## **FACTS**

Examination of the complaint, Local Rule 56(c)(1), statements, exhibits, motion for summary judgment, and the response thereto reveals the following undisputed, material facts:

On March 1, 2001, at approximately 1:21 a.m., Officer Derek Puorro and Officer Michael Kerkes were monitoring traffic on Main Street in the area of Liberty Street, in Middletown, Connecticut. At that date and time, the officers observed the plaintiff Branciforte turn right onto Liberty Street without engaging his turn signal. The officers decided to follow Branciforte who became aware that a police vehicle was following him. On the suggestion of Branciforte's passenger, he proceeded to make various random turns in an effort to "lose" the police. Puorro and Kerkes followed Branciforte for approximately five minutes

and ultimately stopped his vehicle in the area of 79 Prospect Street.

Upon approaching Branciforte's car and speaking with him, Puorro detected an odor of alcohol. The parties diverge as to where the odor was emanating from. Puorro reports that he observed "that the plaintiff emitted an odor of an alcoholic beverage from his breath...." In his affidavit, Branciforte denies that he emitted an odor of alcohol. He asserts that although there was an odor of alcohol in his vehicle, this stemmed from his passenger who had consumed more alcohol than he had. Nevertheless, although the source of the odor of alcohol is disputed, both parties agree that such an odor was present and observed by Officer Puorro.

When asked what he had been doing that evening, Branciforte told Puorro that he had been to a couple of bars and had consumed some alcohol. (In his deposition, Branciforte recounts that he told Puorro that "we had a couple of beers.) Branciforte was then asked to perform a field sobriety test (consisting of five tests) which he voluntarily agreed to perform. It is undisputed that Branciforte passed one of the tests, had difficulty with one, and failed at least two. (Puorro reported that Branciforte failed a third test as well and Branciforte cannot recall the outcome of that test).

Puorro and Kerkes then arrested Branciforte and transported

him to the Middletown Police Department.  There two breath tests were administered which showed a blood alcohol level of .019 and .012 respectively.  He was then released on a $500 bond.

The charges against Branciforte were made public and published in a local newspaper.  On March 15, 2001, the charges were nolled.

## STANDARD

The court appropriately grants summary judgment when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party.  See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991).  A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. at 247-48.  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . [and] it should be

5

interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

## DISCUSSION

### COUNTS ONE, TWO AND SEVEN: THE INITIAL STOP AND SUBSEQUENT ARREST

The defendants argue that because their actions were objectively reasonable under the circumstances, they are protected by the doctrine of qualified immunity and entitled to judgment as a matter of law. The plaintiff responds that there is a genuine issue of fact as to whether the initial detention and subsequent arrest of Branciforte were supported by probable cause and therefore objectively reasonable.

Qualified immunity shields "government officials performing discretionary functions....from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights for which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Because damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties, the identification and disposal of insubstantial claims by summary judgment is encouraged." Lee v. Sandberg, 136 F.3d 94, 101-102 (2d Cir. 1997)(internal citation and quotation marks omitted).

6

"The entitlement is an immunity from suit rather than a mere defense to liability; and...is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The standard to be applied is one of objective reasonableness. Cartier v. Lussier, 955 F.2d 841, 843-4 (2d Cir. 1992); Lennon v. Miller, 66 F.3d 416, 422 (2d Cir. 1995). In the context of allegations of false arrest, "an arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Lee, 136 F.3d at 102-103 (citation and internal quotation marks omitted). Thus the "issue for immunity purposes is not probable cause in fact but 'arguable' probable cause." Id. (citation omitted).

Puorro's initial stop and Puorro and Kerkes' subsequent arrest of Branciforte both meet the standard of arguable probable cause.

### 1. The initial stop

It is undisputed that Branciforte made a right-hand turn without engaging his right turn signal and that this constitutes a traffic offense. "When an officer observes a traffic offense

-- however minor -- he has probable cause to stop the driver of the vehicle." United States v. Scopo, 19 F.3d 777, 782 (2d Cir. 1994) (citation and internal quotation marks omitted). Branciforte argues that because Puorro followed him for approximately five minutes before making the stop, a reasonable fact finder may determine that the traffic infraction was not Puorro's reason for the initial stop.  Such a finding, Branciforte continues, "would negate the Defendants' claim that probable cause, even arguably, existed for a stop."  However, Puorro's motivation for making the stop is irrelevant as the test is objective, rather than subjective, reasonableness. See Lee, 136 F.3d 94, at 103 fn. 5.  The fact that Puorro chose to wait five minutes before making the stop does not negate the fact that he directly observed Branciforte violating the traffic laws.  See Scopo, 19 F.3d at 782.  At the very least, officers of reasonable competence could disagree on whether there was probable cause for the stop.  And, "if officers of reasonable competence could disagree on this issue, immunity should be recognized."  Malley v. Briggs, 475 U.S. 335, 341 (1986). Officer Puorro is therefore protected against suit by the doctrine of qualified immunity and entitled to a judgment as a matter of law as to Count One.

    2. The subsequent arrest

It is undisputed that when Officer Puorro approached Branciforte after having stopped his car, Branciforte told Puorro that he had consumed a couple of beers and been to a couple of bars. It is also undisputed that there was some odor of alcohol present, though Puorro contends that it was on Branciforte's breath while Branciforte contends that it came from the interior of the car and was caused by the breath of his passenger. It is further undisputed that Branciforte had difficulty with one and failed at least two of the five field sobriety tests. The defendants argue that on these undisputed facts it is evident that, at the very least, officers of reasonable competence could disagree on whether there was probable cause for the arrest.

The plaintiff responds that there is a genuine issue of material fact "concerning the reasonableness and objective accuracy underlying Off. Puorro's recorded observations of Plaintiff's field sobriety test." Furthermore, there are some "internal inconsistencies in Off. Puorro's records of the field tests." Finally, "[w]hen Off. Puorro had the opportunity to 'argue' that probable cause did in fact exist after the charge was dropped by the prosecutor he did not and neither did the Town or the other Defendants."

The plaintiff's responses are irrelevant to the issue of whether it was objectively reasonable, i.e. whether there was

9

"arguable" probable cause, for the defendants to arrest Branciforte. It is undisputed that an odor of alcohol was present and detected by Officer Puorro, that Branciforte told Officer Puorro that he had consumed alcohol that evening, and that Branciforte failed at least two of the five tests that comprise the field sobriety tests. Because the standard applies to the time of the arrest, what occurred at a later time (internally inconsistent filings, nolling of the charge) is immaterial.

The court concludes that on the undisputed facts there was "arguable" probable cause. Consequently, it was objectively reasonable for the defendants to arrest Branciforte for driving under the influence. The defendants are therefore protected by the doctrine of qualified immunity and entitled to a judgment as a matter of law as to Count Two.

Count Seven of the complaint is against the Town of Middletown and is based on the alleged violations of the plaintiff's constitutional rights that occurred during the initial stop and subsequent arrest. The court has concluded that the actions of the police officers were objectively reasonable and therefore that there were no violations of the plaintiff's constitutional rights arising from the initial stop and subsequent arrest. The Town of Middletown is therefore entitled to judgment as a matter of law as to Count Seven.

**COUNT THREE: MALICIOUS PROSECUTION**

The complaint further alleges that Officers Puorro and Kerkes are liable for malicious prosecution because they charged him with driving under the influence after the breath tests showed that his blood alcohol level was below the 0.1 limit. In their motion for summary judgment, the defendants argue that since objective probable cause existed, the plaintiff's claim of malicious prosecution must fail as a matter of law.  The plaintiff responds that there is a genuine issue of fact as to whether the officers had probable cause.

"An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." Clynch v. Chapman, 285 F. Supp. 2d 213, 227 (D. Conn. 2003)(internal citation and quotation marks omitted).

The court has already concluded that there was "arguable" probable cause for Branciforte's arrest at the time and place where the officers stopped his car.  However, the plaintiff appears to claim that the later breath tests served to negate any

11

probable cause and that the subsequent charge was therefore malicious. However, this fails to differentiate between a violation of Conn. Gen. Stat. § 14-227a(a)(1) and 14-227a(a)(2). 14-227a(a), provides in pertinent parts as follows:

> A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle....(1) while under the influence of intoxicating liquor or any drug or both or (2) while such person has an elevated blood alcohol content. For the purposes of this section, "elevated blood alcohol content" means (A) a ratio of alcohol in the blood of such person that is ten-hundredths of one per cent or more of alcohol, by weight...

Under 14-227a(a)(1), the subsection which Branciforte was charged under, no evidence of blood alcohol content is necessary to support a conviction. "Thus, a DUI conviction may be predicated on a driver's behavior even if the driver's BAC rating falls below ten-hundredths of one per cent." Clynch v. Chapman, 285 F. Supp. 2d 213, 226-7 (D. Conn. 2003)(citation omitted). The court therefore concludes that there was probable cause for the charge even after the breath tests were administered. The defendants are therefore entitled to judgment as a matter of law on Count Three.

### COUNTS FOUR AND EIGHT: LIBEL AND DEFAMATION

The complaint further alleges that the defendants defamed Branciforte by publishing a false charge, or failing to intervene

12

to correct the false charge, knowing the charge was false. The defendants argue that the plaintiff has failed to establish a prima facie case of defamation because the alleged defamatory statement was, as a matter of law, not false. The plaintiff does not address this argument.

"[F]or a claim of defamation to be actionable, the statement must be false." Levesque v. Town of Vernon, 341 F. Supp. 2d 126, 140 (D. Conn. 2004)(citation omitted).

As the court stated above, under Conn. Gen. Stat. § 14-227a(a)(1), no evidence of blood alcohol content is necessary to support a conviction. Therefore, since the court has already concluded that there was arguable probable cause to charge Branciforte with driving under the influence, the plaintiff is as a matter of law unable to demonstrate that the alleged defamatory statement was false. Therefore the defendants are entitled to judgment as a matter of law on Counts Four and Eight.

### COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants argue that they are entitled to judgment as a matter of law on the claim of intentional infliction of emotional distress as the plaintiff has failed to sustain his burden of proof that their conduct was extreme and outrageous. The plaintiff does not respond to this argument.

In order to assert a cause of action for intentional

infliction of emotional distress, a plaintiff must establish four elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that the emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Whelan v. Whelan, 41 Conn. Supp. 519, 523 (Conn. Super. Ct. 1991) (quoting 1 Restatement (Second), Torts § 46, p. 73, comment (d)).

The court concludes that no reasonable person could find that the defendants' conduct in charging Branciforte was outrageous and extreme. Because there is no genuine issue of fact as to this element of the alleged offense, the defendants are entitled to a judgment as a matter of law on Count Five.

**COUNT SIX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

The defendants argue that they are protected from the claim of negligent infliction of emotional distress by the doctrine of governmental immunity. The plaintiff responds that the doctrine

does not apply because only discretionary acts are protected and the defendants' actions were ministerial.

"[A public officer] . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Lombard v. Peters, 252 Conn. 623, 628 (Conn. 2000)(citation and internal quotation marks omitted). Where it is apparent from the complaint, the determination of whether official acts or omissions are ministerial or discretionary can be decided as a matter of law. Id.

"A government official's actions are 'discretionary' when the official exercises professional judgment in performing the actions. The official's actions are 'ministerial,' on the other hand, 'when nothing is left to discretion,' and the official acts according to 'a definite duty, imposed by law. . . .'" Napolitano v. Flynn, 949 F.2d 617, 622 (2d Cir. 1991)(citation omitted). The plaintiff argues that because police officers are required to fill out a specific form, the Form A-44, in stops and arrests for OUI, they are merely performing a ministerial act when performing such actions. This argument is unpersuasive as it neglects the fact that the officers must necessarily use discretion when they administer the field sobriety tests, assess the subject's performance, and finally fill out the form. The court is persuaded that police officers conducting stops and

15

arrests for DUI exercises professional judgment in performing the actions and are therefore entitled to qualified immunity.

Furthermore, because the court has concluded that the individual defendants' actions were objectively reasonable, the requisite "misperformance," i.e. the basis for the claim of negligence, is missing.  For these reasons, the defendants are entitled to judgment as a matter of law on Count Six.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment (document no. 41) is GRANTED in full.

It is so ordered this 29th day of September, 2005, at Hartford, Connecticut.

>                 _____/s/_____
>                 Alfred V. Covello
>                 United States District Judge